Adams *vs.* The State of Georgia.

---

ISAAC ADAMS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Counts for an assault with intent to murder by shooting at another with a pistol, and for shooting at another with a pistol, may be joined in the same indictment.
2. Evidence not offered upon the trial cannot be considered on a motion for a new trial.
3. Where there are two counts in an indictment, and a general verdict of guilty is returned, the legal intendment is that reference is had to the highest grade of offense charged.
4. The verdict is sustained by the evidence.

Criminal law. Indictment. Evidence. New trial. Verdict. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1873.

For the facts of this case, see the decision.

J. M. RUSSELL, for plaintiff in error.

W. A. LITTLE, solicitor general, by brief, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of an assault, with intent to murder. The indictment contained two counts, in one of the counts the defendant was charged with the offense of "shooting at another." On the trial the jury returned a general verdict of guilty. A motion in arrest of judgment, and also a motion for a new trial, was made by the defendant, both of which were overruled, and the defendant excepted.

1. Both counts in the indictment charged an offense punishable, under the Code, with imprisonment in the penitentiary, and two counts for a felony, may be joined in the same indictment, such as an assault with intent to murder, by shooting at another with a pistol, and shooting at another with a pistol. The joinder of the two counts in the same indictment constituted no ground for arresting the judgment, and the motion therefor was properly overruled.

2. It appears from the bill of exceptions that the two indictments found by the grand jury prior to the one on which the defendant was arraigned and tried, and which had been *nol pros'd*, were not offered in evidence by the defendant at the trial, but were shown to the court on the motion for a new trial, and therefore could not properly be considered by the court on the hearing of that motion.

3. When there are two counts in the indictment, and the jury return a general verdict of guilty, the legal intendment thereof is that they found the defendant guilty of the highest grade of offense alleged in the indictment: *Dean vs. The State*, 43 *Georgia Reports*, 218.

4. That verdict, in this case, is fully sustained by the evidence in the record.

Let the judgment of the court below be affirmed.