## WILLIAMS *vs.* THE STATE OF GEORGIA.

1. Different counts charging offences of the same nature may be joined in one indictment. 52 *Ga.*, 565; 43 *Id.*, 218; 11 *Id.*, 94; 5 *Id.*, 449.

(*a.*) That an indictment included a count for assault with intent to murder and one for aiming and pointing a pistol at another, did not render it so defective that it should be quashed on motion *ore tenus.* Code, §§4639, 4629.

2. If grand jurors are qualified when they are drawn, they may serve, although their names may be left out of the jury-box on a revision made before they are empanelled. 64 *Ga.*, 443; 70 *Id.*, 765.

3. Evidence showing a part of the *res gestæ* of the transaction on which an indictment was based, was admissible.

4. The verdict was required by the evidence.

Judgment affirmed.

December 4, 1883.

HALL, Justice.

[Enoch Williams was indicted; one count in the indictment was for assault with intent to murder, and another

Williams *vs.* The State.

for pointing a pistol at another. Defendant moved to quash the indictment, as containing a misjoinder of counts. The motion was overruled. Defendant filed a plea in abatement, on the ground that four of the grand jurors who found the indictment were not qualified at that time to act. It was agreed that, at the time the grand jurors were drawn, they were qualified, but that a revision of the jury-box had been had and their names omitted before the indictment was found. The court struck the plea, on motion.

It is unnecessary to set out the evidence in detail. The jury found for the defendant guilty on the first count. He moved for a new trial, on the following among other grounds:

(1.) Because the court refused to quash the indictment.

(2.) Because the court struck the plea in abatement.

(3.) Because the court permitted the witness, R. J. Courtney, over the objections of defendant, to testify that while the train of cars was on the way from Millen to station 7½, the car-bell was being rung, and he (Courtney) went back into the negro car, and found that it was defendant ringing the bell, whose hand was then on the bell-rope, and that defendant was under the influence of liquor and acting in a disorderly manner, and was ordered by him (Courtney) to cease ringing the bell.—This testimony was objected to on the part of the defendant, upon the ground that the same was irrelevant. [The testimony for the state showed that the defendant was drunk and disorderly on a train on which Courtney was the conductor; that he was told he would be put off if he did not desist; and that, on leaving the train, he fired at Courtney.]

(4.) Because the verdict was contrary to law and evidence.

The motion was overruled, and defendant excepted.]