WEBB *v.* THE STATE.

No. 9532.   JULY 14, 1933.

*R. Douglas Feagin* and *J. E. Feagin,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

BELL, J.   The question as propounded by the Court of Appeals, and set forth in the headnote, is answered in the negative.   In 14 R. C. L. 196, § 41, it is stated:   "Every separate count charges the defendant as if he had committed a distinct offense, because it is · upon the principle of the joinder of offenses that the joinder of counts is admitted, and in strict point of law  it is permissible to insert several distinct offenses of the same class, though committed at different times, in different counts in the same indictment against

the same offender, in the absence of statute prohibiting the joinder of more than one offense in the same indictment." Of the several cases cited in support of this text, see especially the following: Sarah v. State, 22 Miss. 267 (61 Am. D. 544) ; Hampton v. State, 8 Humphreys (Tenn.), 69 (47 Am. D. 599) ; Ben v. State, 22 Ala. 9 (58 Am. D. 234), and cit. In 1 Chitty's Criminal Law (5th Am. ed.), 252, is the following statement: "In cases of felony, no more than one distinct offense or criminal transaction at one time should regularly be charged upon the prisoner in one indictment, because, if that should be shown to the court before plea, they will quash the indictment lest it should confound the prisoner in his defense, or prejudice him in his challenge to the jury; for he might object to a juryman's trying one of the charges, though he might have no reason to do so in the other; and if they do not discover it until afterwards, they may compel the prosecutor to elect on which charge he will proceed. But this is only matter of prudence and discretion which rests with the judge to exercise. For, in point of law, there is no objection to the insertion of several distinct felonies of the same degree, though committed at different times, in the same indictment against the same offender; and it is no ground of demurrer or arrest of judgment."

The Penal Code of Georgia, § 954, provides that "every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury." The same section prescribes a form for "every indictment or accusation." There is no statute in this State which prohibits the joinder of several offenses of the same class or species in different counts of the same indictment. In Davis v. State, 57 Ga. 66, it was said that "two or more counts charging the defendant with the same species of felony may be joined in the same indictment." In Williams v. State, 107 Ga. 693 (2) (33 S. E. 641), it was said that "even in felony cases there may be two or more counts joined in the same indictment, charging the defendant with the same species of felony." See also, in this connection, Hoskins v. State, 11 Ga. 92; Williams v. State, 72 Ga. 180; Gilbert v. State, 65 Ga. 449; Doyle v. State, 77 Ga. 513; Sutton v. State, 124 Ga. 815 (53 S. E. 381), and cit. Under the facts stated in the question, all of the offenses charged

416

in the indictment were of the same species, and it was unnecessary to allege that the separate offenses had a continuity of purpose or intent so as to make them a part of a general plan or scheme. The indictment was not subject to demurrer upon the grounds stated.

The question propounded by the Court of Appeals is whether the indictment was subject to demurrer; and in answering this question we, of course, are not concerned with any question as to the duty of the court to require an election by the solicitor-general as to the count or counts upon which he will proceed, or as to any right of the defendant to insist upon such election, and our decision is not to be understood as containing any ruling in reference to these matters.

*All the Justices concur, except Atkinson, J., who dissents.*