## 27367. McMICHEN *v.* THE STATE.

DECIDED APRIL 11, 1939.

*James R. Venable, B. J. Dantone, Robert F. Morgan,* for plaintiff in error.

*Roy Leathers, solicitor-general,* contra.

BROYLES, C. J. 1. The defendant was tried on an indictment containing two counts. Count 1 charged that on September 5, 1938, he committed the offense of sodomy by having carnal knowledge and connection, against the order of nature, with a certain named female child. He was charged in count 2 with having committed, on the same day, the offense of rape on the same female child named in count 1. On the call of the case for trial the defendant interposed a special demurrer alleging a misjoinder of offenses charged in the two counts, in that count 1 charged that he was guilty of the offense of sodomy, which offense is not a capital felony, and a verdict of guilty on that count could be reviewed only by the Court of Appeals; while the offense of rape charged in count 2 is a capital offense punishable by death, and a verdict of guilty on that count could be reviewed only by the Supreme Court. The demurrer was overruled, and to that judgment the defendant excepted pendente lite and in his bill of exceptions assigned the judgment as error. Under the principle of the ruling in *Gilbert* v. *State,* 175 *Ga.* 276 (165 S. E. 120), the two offenses of rape and sodomy can not properly be charged in one indictment. The court erred in overruling the demurrer, and that error "rendered all further proceedings nugatory." *Gilbert* v. *State,* supra.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*