## PIPPIN v. THE STATE.

No. 16624.  MAY 12, 1949.

320

*Raymond W. Martin*, for plaintiff in error.

*John J. Flynt Jr., Solicitor-General,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) ■ While the Supreme Court has jurisdiction of a writ of error, such as this, where the constitutionality of a statute of this State is drawn in question, no such question will be determined if there is any other ground in the case upon which the court can possibly rest a decision. *Burns* v. *State,* 191 *Ga.* 60 (11 S. E. 2d, 350); *Georgia Power Co.* v. *Decatur,* 173 *Ga.* 219 (3) (159 S. E. 863).

A decision of the constitutional questions sought to be raised by grounds one and two of the defendant's demurrer is not necessary in this case, for the reason that the particular provision of

the act of 1943 (codified as § 26-6206, Code, Ann. Supp.), which provides that, "in the trial of any person, charged with a violation of any of the provisions of this law [§§ 26-6203 to 26-6207], testimony concerning the reputation or character . . of the defendant or defendants, shall be admissible in evidence in support of a charge thereunder," was not charged in the indictment, the second and third counts of which were based upon the provisions of the same act of 1943 (codified as § 26-6203, Code, Ann. Supp.), and was not invoked at any time during the trial, either by the charge to the jury or in the introduction or admission of testimony under the provisions thereof. Thus, whether this particular section of the act be subject or not subject to the constitutional attacks thereon, is not material in the present case. *Price* v. *State*, 202 *Ga.* 205 (42 S. E. 2d, 728). Moreover, even if this particular section of the act should be found to be subject to the constitutional attack made thereon and should be stricken, it would not destroy the general legislative scheme of the remainder of the act, but would leave § 26-6203, Code, Ann. Supp., intact; and it is upon this section that counts two and three of the present indictment are predicated. *Bennett* v. *Wheatley*, 154 *Ga.* 591 (115 S. E. 83) ; *Miller* v. *Head*, 186 *Ga.* 694, 713 (198 S. E. 680). Under the rulings here made, the judgment overruling grounds one and two of the defendant's demurrer was not harmful or reversible error.

■ The trial court did not err in overruling ground three of the defendant's demurrer. While the different counts of the indictment charge separate and distinct offenses, they are not dissimilar, but are of the same class or species, and were properly set out in the different counts of the same indictment. *Webb* v. *State*, 177 *Ga.* 414 (170 S. E. 252) ; *Webb* v. *State*, 47 *Ga. App.* 505 (170 S. E. 827).

■ Nor was the indictment subject to grounds four and eight of the demurrer. The defendant was not charged, as contended by the demurrer, with a misdemeanor in count one and with a felony in counts two and three, but was charged specifically in each count with the commission of a misdemeanor. While it is true that § 26-6203, Code, Ann. Supp., provides that any person shall be punished as for a misdemeanor upon conviction for the

first offense and/or second offense, and upon conviction of a subsequent offense thereunder shall be punished as for a felony, in order to invoke the punishment as for a felony, the fact of a second previous conviction and sentence would have to be charged in the indictment (*Tribble* v. *State*, 168 *Ga.* 699, 148 S. E. 593; *McNabb* v. *State*, 69 *Ga. App.* 885, 27 S. E. 2d, 246), and no such allegations appear in either the second or third count of the indictment.

■ Grounds nine and ten of the demurrer, directed to counts two and three of the indictment, are likewise without merit. These counts allege the offense charged in the terms and language of the Code section upon which they are predicated, and the allegations are sufficiently plain for the nature of the offenses to be easily understood by the jury. This was sufficient. Code, § 27-701; *Rutherford* v. *State*, 183 *Ga.* 301 (188 S. E. 442); *Farrar* v. *State*, 187. *Ga.* 401 (200 S. E. 803). The other grounds of the demurrer not specifically dealt with are without merit and are not of such nature as to require elaboration. The trial court properly overruled the demurrer.

■ In a case like this, where there are several counts in an indictment charging similar offenses, the question of whether the court will or will not require the solicitor-general to elect upon which count he will proceed is a matter within the sound discretion of the court, and it is not made to appear that the trial court abused its discretion in overruling the motion of the defendant to require the solicitor-general to make such election. *Lascelles* v. *State*, 90 *Ga.* 347 (4) (16 S. E. 945, 35 Am. St. R. 216); *Webb* v. *State*, 47 *Ga. App.* 505 (170 S. E. 827).

■ The first and second grounds of the amended motion for a new trial complain of the admission of certain testimony therein set out. While these grounds state various and sundry reasons why the evidence objected to should not have been admitted, they show that the only objection urged at the time the evidence was offered, and the only objection ruled on by the trial court, was that the evidence was "immaterial and irrelevant." This is not such an objection as would be reversible error to overrule. *Hogan* v. *Hogan*, 196 *Ga.* 822 (28 S. E. 2d, 74); *Manley* v. *Combs*, 197 *Ga.* 768 (9) (30 S. E. 485).

■ The third ground of the amended motion assigns error:

·"Because, during the progress of the trial and during the giving of evidence by a witness for the State, F. L. Chambless, the Honorable Court erred in this: That he did intimate or express an opinion to the jury as to what had been proved as follows, to wit: During the trial, counsel for movant made the following motion, 'I again move to rule out all of this testimony,' and the trial court said: 'Well, I am going to overrule the objection. It started at the Live Oak Station.'" This ground is insufficient to present any question for decision by this court, for the reason that it is not complete within itself. In order to determine whether the alleged error was harmful to the defendant, it would be necessary to refer to the brief of the evidence or to some other portion of the record to ascertain what the evidence was that was objected to and what it was that the court referred to as having "started at Live Oak Station." *Dowdell* v. *State,* 200 *Ga.* 775 (3) (38 S. E. 2d, 780).

█ The fourth ground of the amended motion complains of the admission of testimony by the State's witness therein named, over the objection that the same was a conclusion on the part of the witness. Certainly that portion of the testimony thus objected to, wherein the witness testified that another girl, named by her, went out with three men while she was there, as to where she was at the time certain arrangements referred to were made with the defendant and his wife, and as to the location of a house referred to by her, and as to the condition of the rooms in the house, could not be said to constitute conclusions of the witness. All of the testimony thus objected to not having been subject to the objection urged, it was not reversible error to overrule the same. *Collins Park & Belt Co.* v. *Ware,* 112 *Ga.* 663 (supra); *Fambrough* v. *DeVane,* 141 *Ga.* 794 (3) (82 S. E. 249).

█ In ground five of the amended motion for a new trial, error is assigned because the court gave in charge to the jury § 26-6203, Code, Ann. Supp., in its entirety, it being insisted that this was error for the reason that in thus charging the entire section the court went beyond the charges contained in the indictment and authorized a conviction of the defendant on charges other than those embraced in the indictment; and that this was error for the additional reason that the court did not, anywhere in its charge, give to the jury the definition of prostitution contained

in § 26-6205, Code, Ann. Supp. While certain provisions of § 26-6203, Code, Ann. Supp., were not applicable to the charges contained in counts two and three of the indictment in this case, which were predicated upon this section, the reading of the inapplicable portions of the section was not harmful to the defendant, where the court thereafter charged: "Now, gentlemen of the jury, if you believe, beyond a reasonable doubt, that this defendant, L. G. Pippin, in this county and State aforesaid, on or about the time alleged in this bill of indictment, or at any time within two years prior to the date of the return and filing of this indictment into court by the grand jury, did keep these two girls, named in this indictment, to wit, Carolyn Cadwell and Fay Doan Parker, for the purpose of prostitution, as alleged in this indictment, then you would be authorized to find the defendant guilty as charged in this indictment. If you do not believe that the defendant is guilty, or if you have a reasonable doubt as to his guilt, it would be your duty to give the defendant the benefit of the doubt and acquit him." By thus confining the jury to a conviction of the defendant only in the event they found that the defendant "did keep these two girls, named in this indictment [naming them], for the purpose of prostitution, as alleged in this indictment," the court confined the charge to the particular portion of the section of the Code applicable to the offenses charged in the second and third counts of the indictment, and the defendant was not harmed thereby. *Martin* v. *Hale*, 136 *Ga.* 228 (2) (71 S. E. 133) ; *Johnson* v. *Sherrer*, 197 *Ga.* 392, 399 (29 S. E. 2d, 581) ; *Thompson* v. *Mitchell*, 192 *Ga.* 750 (2) (16 S. E. 2d, 540).

Nor was the excerpt from the charge last above quoted erroneous, as contended in the seventh ground of the amended motion, because the court did not, in connection therewith, give in charge to the jury the definition of prostitution contained in § 26-6205, Code, Ann. Supp., in the absence of an appropriate request therefor. *Foote* v. *Kelley*, 126 *Ga.* 799 (55 S. E. 1045) ; *Atlantic Coast Line R. Co.* v. *Jones*, 132 *Ga.* 189 (13) (63 S. E. 834) ; *Worley* v. *State*, 136 *Ga.* 231 (71 S. E. 153) ; *Hicks* v. *State*, 146 *Ga.* 221 (6) (91 S. E. 57).

█ What is ruled in the latter portion of the preceding division of this opinion applies with equal force to the assignments of

error contained in the sixth and tenth grounds of the amended motion for new trial, which complain of the following excerpt from the charge: "Now, gentlemen of the jury, I charge you that it is a violation of the law for any person to keep, maintain or operate any house for the purpose of adultery and fornication, or to maintain and keep any prostitute there for the purpose of adultery and fornication, and it is a violation of the law for any person to solicit, aid or abet any prostitute in the commission of an unlawful act of fornication or adultery." This portion of the charge had application to the first count of the indictment, and while the expression therein contained, that "it is a violation of the law for any person to solicit, aid or abet any prostitute in the commission of an unlawful act of fornication or adultery," if standing alone, might be subject to the criticism that it was misleading or prejudicial for the reason that it allowed the jury to convict the defendant for soliciting, aiding, or abetting any prostitute in the commission of any act of unlawful fornication or adultery beyond and off of his premises, when considered in the light of its immediate context, as it should be, it must have been understood by the jury to refer to the soliciting, aiding, or abetting of any prostitute in the commission of any unlawful act of fornication or adultery at the house alleged as having been kept and maintained by the defendant for that purpose. So construed, the charge is not erroneous for any reason assigned.

■ Ground eight of the amended motion for new trial complains because the court nowhere in its charge instructed the jury on the law of circumstantial evidence. This case was not one depending wholly upon circumstantial evidence, and the failure of the trial judge to charge the law touching such evidence, in the absence of an appropriate request therefor, furnishes no ground for a new trial. *Hicks* v. *State,* 146 *Ga.* 221 (4) (supra) ; *West* v. *State,* 200 *Ga.* 566 (3) (37 S. E. 2d, 799) ; *Swint* v. *State,* 203 *Ga.* 430 (3) (47 S. E. 2d, 65).

■ Error is assigned in the ninth special ground, because the court failed to give in charge to the jury Code § 38-414, which provides: "The confession of one joint offender or conspirator, made after the enterprise is ended, shall be admissible only against himself." It is insisted by the defendant that this section

should have been given in charge, because the witness, F. L. Chambless, who testified on the trial in behalf of the State, was, under his own testimony, a coconspirator and a joint offender under the crime charged in the indictment, he having testified that he arranged with the defendant and paid him the sum of thirty dollars for the use of the girl named in the second count of the indictment, and after having so made arrangements with and paid the defendant for this girl, carried her off to a place known as the "Whispering Pines," where they spent the night together and where he had intercourse with her. The Code section referred to has no application to a situation such as disclosed by the record here. No confession on the part of the witness, F. L. Chambless, testified to by any other witness, was offered or admitted in evidence. He was sworn as a witness for and testified in behalf of the State, and was a competent witness. *Rawlins* v. *State*, 124 *Ga.* 31 (10) (52 S. E. 1). It was not error to fail to give this section in charge to the jury.

■ While we have not set out the evidence adduced on the trial, we have carefully examined the same, and it amply authorized the verdict. The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*