### 33725.   LASTINGER *v.* THE STATE.

Decided October 23, 1951.

*W. G. Neville*, for plaintiff in error.
*Walton Usher, Solicitor-General*, contra.
Townsend, J. (After stating the foregoing facts.) ■ The

motion to quash or dismiss the indictment contends that—since the defendant had been previously indicted with the same codefendant for the same offense, and since the codefendant had been convicted and that conviction reversed by the Court of Appeals, but, before the judgment of the Court of Appeals was made the judgment of the trial court—the defendant was again indicted at a time when the trial court had no jurisdiction of the case. This contention is without merit for two reasons. First, it is not contended that the indictment upon which the defendant was tried was defective upon its face. A motion to quash, being merely a demurrer, is not a proper method of attacking an indictment for a defect not appearing upon its face. See *Tate* v. *State,* 24 *Ga. App.* 279 (100 S. E. 765) ; *Owens* v. *State,* 54 *Ga. App.* 417 (187 S. E. 890). Had the position of the plaintiff in error been tenable, it could properly have been raised only by a plea in abatement. Secondly, however, there is no error in proceeding upon a subsequent indictment in a criminal case while a previous indictment is still pending. As stated in *Irwin* v. *State,* 117 *Ga.* 706 (45 S. E. 48) : "In a criminal proceeding the pendency of a former indictment for the same offense is no ground for a plea in abatement or in bar, although the accused may have been arraigned thereon and have filed a plea. *Doyal* v. *State,* 70 *Ga.* 134 . . . Where several indictments for the same offense are pending against the same person, it is immaterial upon which he is first tried. Whenever he has been acquitted or convicted upon any one of them, he can plead such acquittal or conviction in bar of a prosecution of any of the others." See also *Harris* v. *State,* 11 *Ga. App.* 137 (2) (74 S. E. 895) ; *Sheppard* v. *State,* 44 *Ga. App.* 481, 488 (162 S. E. 413).

■ While a conviction based upon an uncorroborated confession cannot be sustained (see *Cook* v. *State,* 9 *Ga. App.* 208 (3), 70 S. E. 1019), proof of the corpus delicti may be sufficient corroboration of a confession of guilt to sustain a verdict of guilty. *Bryant* v. *State,* 26 *Ga. App.* 611 (106 S. E. 797) ; *Davis* v. *State,* 105 *Ga.* 808 (3) (32 S. E. 158) ; *Allen* v. *State,* 8 *Ga. App.* 90 (68 S. E. 558). While it is the rule that the testimony of an accomplice must be corroborated by circumstances definitely connecting the accused with the perpetration

of the crime, this is not the rule in reference to the corroboration of a confession. *Cochran* v. *State,* 113 *Ga.* 726 (2) (39 S. E. 332); *Chester* v. *State,* 74 *Ga. App.* 667 (1) (41 S. E. 2d, 162). Accordingly, the testimony of the two witnesses for the State, that the defendant admitted to them that he had been helping to make whisky at the time and place in question, together with the undisputed evidence that he was present at the time of the raid at a still then in operation and where whisky was being made, is sufficient to support the conviction.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*