## 43106. BURKE v. THE STATE.

WHITMAN, Judge. The appeal in this case is from a judgment of conviction and sentence for the offense of burglary.

The indictment returned against the defendant, appellant, in this case contained two counts: (1) "[Named grand jurors] . . . charge and accuse William B. Burke with the offense of burglary for that the said William B. Burke on April 24, 1967 . . . with force and arms, unlawfully, burglariously and feloniously did break and enter [a certain place] . . . with intent to commit a larceny therein. . . Count Two [We] further charge and accuse . . . William B. Burke with having previously been convicted of the offense of burglary and sentenced to confinement and labor in the penitentiary. [Here are set forth the prior convictions]."

The defendant demurred to Count 2 praying that it be stricken on the grounds that (1) it failed to set forth any allegation of a crime against the law of the State, and (2) that there was no express reference incorporating the allegations of Count 1 into Count 2. The trial court entered an order overruling the appellant's demurrers and this order is enumerated as error.

The defendant also, subsequent to his arraignment but before pleading to the merits, made a motion to quash the indictment on the ground that the grand jury was improperly constituted in that one of the grand jurors had been excused from grand jury service at the term at which he was scheduled to serve and allowed to choose whether he would (1) serve on the traverse jury of such term or (2) return and serve on the grand jury at the May term, 1967. The grand juror took the latter option which is the term at which the indictment was returned against the defendant. The motion to quash was overruled by the trial court and this ruling is enumerated as error. *Held:*

1. If the words "Count Two" in the indictment be disregarded and the entire indictment read as a whole it will be seen that but one offense is charged along with an allegation that the defendant had previously been convicted and sentenced for burglary. *Code Ann.* § 27-2511, commonly referred to as the "habitual criminal" statute, the validity of which is not here questioned, authorizes the pleading and proving of prior con-

victions in order to obtain a maximum sentence for second offenders.

The court is of the view, and so holds, that the words "Count Two" are surplusage and their presence does not require the subsequent language in the indictment to be construed as an attempt to charge the defendant with an offense. And in the absence of an attempt to charge an additional offense, there was no basis for either of the defendant's demurrers and the trial court did not err in overruling them.

The cases of *Harris v. State,* 37 Ga. App. 113 (138 SE 922) and *Favors v. State,* 104 Ga. App. 854 (123 SE2d 207), cited and relied on by defendant, hold that one accused of a crime is entitled, if he demands it by timely demurrer, to have an accusation perfect in form and substance. Those cases are not controlling here as the demurrers therein went to portions of the indictment or accusation wherein offenses were charged, whereas in the case sub judice "Count Two" charged no offense.

2. "A motion to quash or dismiss an indictment is no more than a demurrer, and is not a proper method for attacking the indictment for any defect not appearing on the face thereof." *Lastinger v. State,* 84 Ga. App. 760 (1) (67 SE2d 411); *Owens v. State,* 54 Ga. App. 417 (187 SE 890). That the grand jury was improperly constituted, if it was improperly constituted, does not appear on the face of the indictment in this case. Therefore there was no error in overruling the motion to quash.

Improper constitution of a grand jury is ordinarily a matter susceptible of proof only by the introduction of evidence dehors the indictment and as such the proper remedy is by a timely plea in abatement. It is a matter which must be challenged before an indictment is returned, see *Simpson v. State,* 100 Ga. App. 726 (1) (112 SE2d 314), unless it appears that the defendant had no notice or opportunity to make the challenge. *Edwards v. State,* 121 Ga. 590 (49 SE 674); *Folds v. State,* 123 Ga. 167 (2) (51 SE 305).

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

SUBMITTED OCTOBER 4, 1967—DECIDED DECEMBER 1, 1967.

*Mitchell & Mitchell, Coy H. Temples,* for appellant.
*R. L. Vining, Jr., Solicitor General,* for appellee.