## 26028. EDWARDS v. THE STATE.

UNDERCOFLER, Justice. J. W. Edwards was indicted in the Superior Court of Whitfield County on two counts of statutory rape. One child involved was 7 years of age and the other was 9 years of age. The children were sisters. Before the court charged the jury, he withdrew from their consideration the count involving the 7-year-old child and instructed the jury to return a verdict of not guilty on that count. The jury found the defendant guilty with a recommendation of mercy on the count involving the 9-year-old child. The defendant appeals to this court. *Held:*

1. The appellant contends that the indictment in this case was wholly invalid because it charged him in two counts with separate offenses of rape against two different persons. He also contends that the trial court should have directed the district attorney to elect upon which count of the petition he would proceed. The appellant made no objection to the indictment until after trial when the same contentions were raised in a motion in arrest of judgment.

"Separate and distinct offenses of a similar nature, and of the same class or species, may properly be joined in different counts in the same indictment." *Pippin v. State,* 205 Ga. 316 (2) (53 SE2d 482); *Webb v. State,* 177 Ga. 414 (170 SE 252).

Furthermore, it is incumbent upon the appellant to raise in the trial court the issue of whether the State is required to make an election as to the count under which it will proceed. *Swain v. State,* 162 Ga. 777 (6) (135 SE 187). A motion in arrest of judgment on the complained of grounds cannot be considered. *Code § 110-702; Jones v. State,* 37 Ga. 51 (2). These contentions of the appellant are without merit.

2. The appellant contends that the conviction in this case was on the unsupported testimony of the victim of the crime. The testimony of the 10-year-old child was supported by the

testimony of her mother and the physician who examined her. There is no merit in this contention.

3. The appellant contends that the trial court erred in allowing two incompetent witnesses to testify for the State against the accused.

Code § 38-1601 provides: "The competency of a witness shall be decided by the court." Code § 38-1610 provides: "The court shall, by examination, decide upon the capacity of one alleged to be incompetent from idiocy, lunacy, or insanity, or drunkenness, or infancy."

One of the witnesses who the appellant asserts is incompetent is the victim of the rape. She was 9 years old at the time of the crime and 10 years old at the time of the trial. The other witness was the mother of the victim who was a patient at Central State Hospital in Milledgeville, Georgia. Both witnesses were examined and found by the trial judge to be competent to testify. "Where the trial judge examines a child [or purportedly insane person] as to its understanding of the nature of an oath and determines that the child is competent to testify, his discretion, unless manifestly abused, will not be interfered with by this court." Sides v. State, 213 Ga. 482, 487 (99 SE2d 884); Thurmond v. State, 220 Ga. 277 (138 SE2d 372); and Langston v. State, 153 Ga. 127 (2) (111 SE 561). The evidence shows that the trial court did not abuse its discretion in allowing these witnesses to testify. There is no merit in this enumeration of error.

4. The appellant was put on trial on both counts of the indictment. When the defendant rested his case, the trial court withdrew from the jury's consideration one count of the indictment and directed that they return a verdict of not guilty on that count.

The appellant contends that the court erred in allowing evidence of the other crime alleged in the indictment to be admitted because it was prejudicial to the appellant.

There is no merit in this contention. The appellant was on trial for both offenses and evidence of both was properly admitted.

5. The appellant contends that the general grounds of his motion for new trial should not have been overruled by the trial court. The evidence in this case has been fully considered by this court and it is sufficient to support the conviction of the appellant.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1970—DECIDED OCTOBER 8, 1970.
REHEARING DENIED OCTOBER 22, 1970.

*John D. Edge,* for appellant.

*Robert B. Adams, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.