### 46101.   BOWEN v. THE STATE.

DEEN, Judge. It is error in a criminal case for the State to place the defendant's character in issue where he has not voluntarily chosen to do so. *Code* § 38-202. On a motion for mistrial based on such testimony the trial judge has a large discretion and, where the improper matter has in fact been volunteered by a witness by an answer not responsive to the question it has frequently been held that action on the part of the trial court in ruling it out and instructing the jury to disregard it, or in reprimanding and cautioning the witness, is a sufficient corrective procedure, although "the court should by every means possible attempt to eradicate the prejudicial remark from the jury's consideration, and, if there is any likelihood that such means as he uses will not be completely successful, he should grant a timely motion for a mistrial." *Hollis v. State,* 97 Ga. App. 145 (1) (102 SE2d 610). As stated in *Willingham v. State,* 118 Ga. App. 321 (2) (163 SE2d 317), there are some remarks which, even though voluntary, are of such a prejudicial nature that a mistrial becomes necessary; there are others (constituting a majority) where the trial judge exercises his discretion, on mo-

tion for mistrial, of ruling out the illegal evidence and taking measures to disabuse the mind of the jurymen of its content, in which case the only question before us is whether the lesser measure constitutes an abuse of discretion; but where the remark does in fact place the defendant's character in issue and the trial court after a motion for mistrial based thereon takes no action whatever, the denial of the motion is error. See *Brooks v. State,* 183 Ga. 466 (188 SE 711, 108 ALR 752); *DeFreese v. Beasley,* 114 Ga. App. 832 (3) (152 SE2d 772). In the present case the State's witness Rogers, a confessed accomplice as to Count 2 of the indictment, was shown two indictments against himself, one for larceny showing a conviction and one for burglary showing his plea of guilty. He identified these documents. The next question by the State was: "How long have you known Willie Bowen" to which the witness replied: "The first time I met Willie was here in jail, and if I am not mistaken it was in 1953. At the time that first one was made." Defense counsel asked that the jury be retired. In its absence a motion for mistrial was made and overruled. No cautionary instructions of any sort were given nor was the testimony ruled out. As we read the record there could be no doubt but that "the first one" referred to the conviction of Rogers of which he had just testified, and it was at that time that he met the defendant "in jail." The objection was obviously directed to this fact and the admission of this testimony placed the defendant's character in issue as one who had been in jail for prior offenses. It constituted reversible error in the absence of any corrective measures. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615).

2. It appears from the supplemental certificate of the trial judge that after the jury had returned a verdict of guilty a trial was had as to the sentence to be imposed. During argument, defendant's counsel stated: "This is not the type of offense for which a defendant can get probation." The State objected, and the court instructed the jury that "under the law of this State both sentences may be permitted by the court in its discretion to be served in whole or in part on probation. That is a matter for the court "after the jury has done its duty." Both under the principle of law of invited error and under the express holding

in *Terhune v. State,* 117 Ga. App. 59 (4) (159 SE2d 291) this ground of appeal is without merit.

3. The defendant made a statement to the jury regarding the burglary alleged in Count 2 to the effect that if a burglary was committed it was before he arrived at the premises. The alleged accomplice, Rogers, testified merely that he did not remember being with Bowen, going to the used car lot, or being arrested there, and that he was intoxicated. Under this evidence it was not error, in the absence of a request, to fail to charge on the subject of alibi. *Weeks v. State,* 28 Ga. App. 712 (1) (112 SE 906); *Bass v. State,* 1 Ga. App. 728 (3) (57 SE 1054). The defendant and Rogers were in fact apprehended together on the burglarized premises, and keys removed from the trailer were in the defendant's physical possession.

4. Offenses of the same general nature may be joined as separate counts of the same indictment. *Edwards v. State,* 226 Ga. 811 (177 SE2d 668); *Webb v. State,* 177 Ga. 414 (170 SE 252); *Brown v. State,* 47 Ga. App. 508 (170 SE 829); *Ivester v. State,* 75 Ga. App. 600 (44 SE2d 61); *Mitchell v. State,* 89 App. 80 (78 SE2d 563). It was not error in this case to join a count of attempted burglary committed on April 7, 1970, with one of burglary committed on May 28, 1970.

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*
SUBMITTED APRIL 5, 1971—DECIDED APRIL 21, 1971.

*Guy B. Scott, Jr.,* for appellant.

*Thomas W. Ridgway, District Attorney, John T. Strauss,* for appellee.