27118.   LOCKE v. THE STATE.

ARGUED APRIL 10, 1972—DECIDED MAY 3, 1972.

*E. Crawford McDonald,* for appellant.

*Robert B. Adams, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, W. Hensell Harris, Jr., Assistant Attorneys General,* for appellee.

GRICE, Presiding Justice. William J. (Joe) Locke was indicted and tried in the Superior Court of Whitfield County on two counts of rape of female children under the age of fourteen years. Both incidents were alleged to have occurred on the same date and involved two sisters, then nine and seven years old. After the State rested its case the court directed a verdict of not guilty as to Count 2, the seven-year-old child. The jury returned a verdict of guilty with a recommendation of mercy as to Count 1 and set the sentence at eight years. The court then pronounced this sentence, from which this appeal is taken.

■ Two of the enumerations complain that the verdict is contrary to the law and the evidence in that there was no showing of penetration.

We do not agree. The mother of the victim testified that she was present when the act was committed. Both she and the victim testified that there was penetration, although the testimony of each was in some respects contradictory. Furthermore, the testimony of a pediatrician who examined the victim corroborated the foregoing evidence of penetration. Therefore, there was both direct and indirect evidence as to this requirement, which was sufficient to withstand the attacks made upon it.

Moreover, *Edwards v. State,* 226 Ga. 811 (177 SE2d 668), which involved the same victim and another defendant, held that her testimony was supported by that of her mother and the pediatrician who examined her, and this evidence was deemed sufficient to support the conviction there.

■ Four of the enumerated errors deal with the appellant's contention that the trial court erred in allowing the pediatrician to testify as to his examination of the younger girl. The testimony complained of was admitted *prior* to the directed verdict as to this child.

The question raised here is substantially the same as that decided in *Edwards v. State,* 226 Ga. 811 (4), supra, where testimony concerning this child's condition was held not to have been improperly admitted. We consider the conclusion reached there to be applicable here.

Therefore the trial court did not err as to that feature, nor in denying the motions for mistrial predicated thereon.

■ The trial court did not err in allowing the victim's mother to testify as a competent witness.

The provisions of *Code* §§ 38-1601, 38-1607 and 38-1610, relating to the competency of witnesses, were complied with here.

The record shows that an examination was made prior to the mother's testimony in regard to her reason and understanding of the nature of an oath. Only a manifest abuse of discretion in this regard will be interfered with on review. Cf. *Sides v. State,* 213 Ga. 482 (3) (99 SE2d 884) and citations. No such abuse appears here.

Moreover, this same witness was found to be competent upon review of similar evidence in *Edwards v. State,* 226 Ga. 811 (3), supra.

■ Nor did the trial court err in limiting the cross examination of the victim's mother, as claimed by the appellant, in violation of *Code* § 38-1705.

The incident complained of involved the trial court's instruction to the appellant's counsel, when he asked the victim's mother whether she was then telling the jury and the court to disregard her previous statement that she had witnessed the sexual act of the appellant with her daughter and that there had been penetration. The court instructed the attorney not to ask such a question again, stating: "[D]isregarding something is not up to the witness. You can ask her what happened, about it, [but] whether it is to be

disregarded or not is up to the jury in their assessment of the value and weight to be given to the testimony. It is not for the witness to say whether testimony is to be disregarded. Ask her what happened, and the jury can assess the value of it."

This instruction in no way unlawfully restricted the right of cross examination. The record shows that the appellant's attorney was given every opportunity to establish any inconsistency in this witness' statements and to question her in that regard.

■ One enumeration asserts that the trial court committed reversible error in prohibiting the appellant's attorney in his closing argument from commenting on the district attorney's presentation of evidence regarding the younger girl.

Such matters as this are within the discretion of the trial court and will not be controlled unless flagrantly abused. Since Count 2 involving the younger girl had been withdrawn from consideration of the jury no such abuse appears.

For the reasons set forth above, none of the errors complained of warrants reversal.

*Judgment affirmed. All the Justices concur.*