## 27896. WINGFIELD v. THE STATE.

ARGUED MAY 14, 1973 — DECIDED SEPTEMBER 6, 1973 —
REHEARING DENIED SEPTEMBER 20, 1973.

*Guy B. Scott, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Deputy Assistant Attorney General,* for appellee.

GRICE, Presiding Justice. This appeal is from the judgment of conviction and sentence of Paul L. Wingfield on two counts of aggravated assault and one count of rape. He was indicted by the grand jury of Clarke County, tried and found guilty there and was sentenced to five years confinement on each of the aggravated assault counts and twenty years confinement on the rape count. A motion for new trial on the general grounds was denied. The appeal presents twelve enumerations of error, which are dealt with

in their original order.

■ Initially, appellant insists that the trial court erred in overruling the motion for new trial because there was insufficient evidence on each of the three counts to sustain a conviction. From our examination of the evidence we have concluded that it was sufficient. Reference to some of the salient facts should make this apparent.

As to all three counts there was some similarity in the evidence. Appellant pretended to each of his victims that he was in need of her help, and advantaged himself by entering the apartments of two and the automobile of the other. In all of them, he soon revealed his motive and forced himself upon his victim. In all a violent struggle ensued while she sought to prevent him from pulling off her clothes and raping her.

In the two aggravated assault counts the appellant failed to accomplish his purpose. However, in the rape count he succeeded by effective penetration and there was ample evidence for the jury to have determined that this resulted from his physical blows and the female's fears for her own life as well as that of her baby, who was in the automobile during the attack. There was also sufficient corroboration of the rape victim's testimony. This included medical testimony as to the presence of sperm, her telephone call to a friend and her reporting the matter to the police. There was also ample corroboration of the two assault victims even though it was not required. See *Long v. State,* 84 Ga. App. 638 (1b) (66 SE2d 837).

There is no merit in this enumeration.

■ Appellant next contends that the trial court erred when in qualifying the jurors to be put upon him for the capital offense of rape it disqualified three jurors who would under no circumstances exact the penalty of death for rape.

However, this court has repeatedly ruled that pursuant to Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776), jurors may be excused for cause when they respond that they would vote against imposition of a death sentence, regardless of the evidence that may be shown upon the trial. See, e.g., *Henderson v. State,* 227 Ga. 68 (3) (179 SE2d 76) and cits.

Furthermore here the appellant was not sentenced to death, and therefore has no standing to complain of this feature.

■ Appellant also insists that the trial court erred in refusing to grant a mistrial because of statements made by state's counsel that "The D. A.'s office got into the case because of Judge Barrow,"

and other related statements which gave the jury the impression that the prosecution had been initiated by the trial judge. He urges that the opening statement was highly prejudicial, and although all of it was not taken down by the court reporter, that the prejudicial part was transcribed.

The only portion of the statement of state's counsel appearing in the transcript and thus relied upon for this motion is ". . . after the district attorney's office had been asked by Judge Barrow . . ."

Immediately the following colloquy took place. "[Appellant's counsel]: If Your Honor please, I object to that. They are injecting Your Honor into this case now. The court: I think you should simply confine yourself to what you expect to prove. [State's counsel]: Your Honor, I expect to prove that it is a part of the motive and conduct for our involvment in this case. [Appellant's counsel]: I think you had better excuse the jury. . . The following was heard outside the presence and hearing of the jury." Appellant's counsel then moved for a mistrial.

Further colloquy ensued in which state's counsel sought to justify the statement as alluding to a request by the judge to investigate an unrelated incident which led to the development of the instant case; and in which appellant's counsel condemned it as prejudicial by seeking to make the judge a partisan.

Thereupon the court denied the motion for mistrial.

From what transpired in the presence of the jury, as shown above, we do not regard the language relied upon as requiring a mistrial. Just what the district attorney's office had been specifically asked to do by Judge Barrow was not shown. However, from what state's counsel said in the colloquy in the presence of the jury, he expected to prove that the unrelated investigation was "a part of the motive and conduct for [the district attorney's] involvement in this case." Therefore, we find nothing here that was improper so as to prejudice the jury.

■ The appellant enumerates as error the remarks of the state's counsel in his opening statement to the jury referring to the appellant as "this animal," and then also saying "Your Honor, I think I am completely within my rights in my opening statement." The appellant avers in substance that this influenced the minds of the jurors against him; that he was not an animal simply because he was a member of the black race and accused of rape and two aggravated assaults; and that the grant of the motion for mistrial was required. He maintains that the state's counsel was not

"chastised in any way."

However, according to the transcript, the trial judge, after overruling the motion for mistrial, cautioned the jury to "disregard and wipe from their minds the statement of the district attorney as to the defendant being an animal. That was improper." He also stated to the state's counsel: "You are reprimanded . . . in the presence of the jury. We are concerned not with the argument of the case, but with the statement of what you expect to prove." Thereupon that counsel stated, "Your Honor, I apologize. I didn't mean any disrespect to the court."

Under the foregoing circumstances denial of the motion for mistrial was not erroneous. See *Miller v. State,* 226 Ga. 730 (5) (177 SE2d 253); Code § 81-1009.

■ Another enumeration complains that the trial court should have granted appellant's motion for mistrial when state's counsel, in questioning an investigator for the district attorney, asked the following question and received the following answer: "Q. Without going into any conversation at all, was it with respect to an incident not related to these three charges? A. It was not particularly related to this." Thereupon appellant made a motion for mistrial, urging that the state was attempting to bring the defendant's character into evidence, and that "Said question and answer and the related conversation found on [T-9 and 10] reflect certainly that the defendant's character was injected into the case."

We cannot agree.

From an examination of the transcript it is clear that the matter complained of did not relate to the appellant. The state's counsel only desired to ascertain how this witness became involved in this case, and his response provided the information sought. This did not place the appellant's character in evidence.

■ The appellant, in this same connection, takes the position that the trial court erred in refusing to grant a mistrial following a colloquy involving the state's counsel in which the court instructed the jury that they should consider any testimony as to a conversation between the trial judge and the investigator solely to explain his motive and conduct in taking any action in this case. Appellant's position is that this injected his character in evidence and also indicated that the judge initiated the prosecution now under review.

This position is not valid.

The transcript clearly shows that the judge received a complaint

on an unrelated matter and referred it to the investigator "to look into." The appellant's name was not mentioned in this and he was not connected in any way.

■ It is also claimed by appellant that the trial court committed error in allowing in evidence a portion of an exhibit. The appellant enumerates that reading the portion to the jury injected his character into evidence and was an expression of judicial opinion by the judge that there was at least reason to suspect him of the crimes alleged to have been committed.

The state's counsel stated outside the presence of the jury that certain phrases would be omitted. The portion read was as follows: "Georgia, Clarke County: It appearing, upon representation of the State, that Paul Wingfield is currently in Clarke County Jail . . .; and it further appearing that Paul Wingfield's physical characteristics and size corresponds with the description given by female complainants of their assailant or assailants in Athens, Georgia, area; . . . that accordingly there appears to be a similarity of modus operandi and physical descriptions among the offenses, and the offenders, it is therefore ordered that Paul Wingfield, if confined, be placed in lineup as soon as reasonably possible where he may be reviewed by the aforesaid assault complainants . . ."

An examination of the transcript showing the circumstances surrounding this allowance in evidence and reading a portion thereof makes clear that no error took place here.

The investigator referred to in previous divisions of this opinion testified that while the appellant was in jail a lineup was held; that he was present in the lineup; that his counsel was present at the lineup; and that it was conducted pursuant to a court order. Thereupon the exhibit in question was tendered in evidence and was objected to.

The jury was then excused, during which the judge announced that he would allow, over objection, state's counsel to read to the jury the designated portion of the exhibit.

Upon return of the jury, the judge stated to them in relevant part as follows: "I want to caution you also that certain evidence consisting of a court order which provided for this lineup is about to be read to you. This does not intimate or express any opinion on the part of the court as to the guilt or innocence of the accused. It is a necessary procedure to provide for the investigative process in order for you to determine the guilt or innocence of the accused." The appellant's counsel then renewed his objection.

Thereupon the judge then stated as follows: "The motion is overruled. This will not be with you in the jury room, but is a part of the evidence in the case and is offered solely to explain the action of the officers taken in this case."

After further renewal of the motion to exclude the evidence and denial thereof, the portion of the exhibit above referred to was read to the jury.

From what appears in the transcript the jury was not allowed to see the order (Exhibit), and was not told who signed it.

In our opinion, it was admissible to demonstrate the circumstances upon which the lineup was ordered, and was not subject to the criticism lodged against it.

■ There is no merit in the enumeration which asserts that the trial court erred in failing to grant a mistrial because one of the aggravated assault victims testified that the appellant was being held on another charge. He contends that this injected his character in evidence. The transcript shows that the trial judge instructed the jury to disregard this testimony, that it was hearsay and thus inadmissible, and that the defendant comes into court with the presumption of a good character and a presumption of innocence in his favor. There was no abuse of discretion in refusing the motion for mistrial.

■ The appellant maintains that the trial court erred in allowing a state's witness to testify that he received a long distance telephone call from one of the victims telling him that she had been raped and asking him what to do. He objected upon the ground that the call, which was not even placed on the date the rape occurred, was too remote from the time of the alleged rape to be a part of the res gestae.

This enumeration is not meritorious. The victim testified that after she was raped on Saturday, December 5, 1970, she went directly to her apartment and telephoned this witness. Although he testified that he could not recall the exact date on Saturday, near noon time in the latter part of 1970, he received a telephone call from her and that she was hysterical, sobbing and crying. She told him that "a terrible thing has happened." His identification as to time and event was substantiated by her testimony and therefore was admissible.

■ Complaint is made of the following charge: "The accused cannot be convicted upon the woman's testimony alone, no matter how positive it may be unless she made some outcry or told of the

injury promptly, or his clothing were torn or disarranged, or her person showed signs of violence, or there were other circumstances which tend to corroborate her testimony." The appellant urges that this charge was confusing in that it stated "his clothing" and that it is also incorrect as a matter of law in that the language "or there were other circumstances which tend to corroborate her testimony" is confusing, is not a correct statement of law and allows the jury to speculate on what other circumstances might corroborate her testimony.

The charge here was not reversible error for either of the complaints lodged against it.

(a) The use of the words "or his clothing" in the first charge was an apparent slip of the tongue (lapsus linguae) and was not confusing. Furthermore, it was not in the second charge which correctly stated "or her clothing."

(b) The charge complained of was not an incorrect statement of law. See *Davis v. State,* 120 Ga. 433, 435 (48 SE 180); *Harper v. State,* 201 Ga. 10, 19 (39 SE2d 45); *Dorsey v. State,* 204 Ga. 345, 346 (49 SE2d 886).

 Appellant contends that the re-charge given was confusing, not a correct statement of law, and particularly inappropriate when it stated ". . . or there were other circumstances which have been introduced into evidence to tend to corroborate her testimony as to the occurrence of the offense."

This contention is without merit. As stated above, this charge is not an incorrect statement of law.

 Finally, the appellant enumerates as error the denial of his motion to quash the indictment upon all of its grounds. However, in his brief he has expressly abandoned grounds 1 and 2, leaving only ground 3.

That ground complains in substance as follows: that said indictment is also void because it alleges in three different counts that movant "did commit the offense of assault with intent to rape on [named victim] on October 29, 1970; did commit the offense of rape on [named victim] on December 5, 1970; and did commit the offense of aggravated assault with intent to rape on [named victim] on April 1, 1971"; that it is void because "it puts his character in evidence without his consent and the same alleges three separate and distinct offenses which have no logical relationship to each other, and that the only possible reason . . . is to inflame the minds of the jurors . . . and prejudice the jurors with the fact that [movant]

is charged with three different offenses. This indictment . . . violates [movant's] constitutional rights to due process and equal protection under . . . the Fourteenth Amendment to the Constitution of the United States of America."

This complaint, as we view it, is not meritorious.

At the outset it should be noted that the offense of rape includes the lesser offense of assault with intent to rape or aggravated assault, under the Georgia Criminal Code, Ga. L. 1968, pp. 1249, 1280 (Code Ann. § 26-1302). See *Andrews v. State,* 196 Ga. 84, 112 (26 SE2d 263); *Sims v. State,* 203 Ga. 668, 670 (47 SE2d 862).

The rule is well established that "separate and distinct offenses of a similar nature, and of the same class or species, may be properly joined in different counts in the same indictment." For statements of this rule see *Pippin v. State,* 205 Ga. 316 (2) (53 SE2d 482); *Edwards v. State,* 226 Ga. 811 (1) (177 SE2d 668); *Griffin v. Smith,* 228 Ga. 177 (8) (184 SE2d 459). Other cases have stated it in similar language as hereinafter shown.

No statute is involved here; therefore the issue is controlled by decisional law.

The *Edwards* case, supra, unanimous and unreversed, is binding upon us, as we view it. It requires the conclusion that the indictment was not subject to the motion to quash. There the defendant was indicted on two counts of statutory rape of two children. The defendant, as here, contended that the indictment was invalid because it charged him in counts of separate offenses of rape against two different persons. Also he contended that the trial court should have directed the state to elect on which count it should proceed, which is not involved here. This court quoted the above stated rule and held that *both* contentions were without merit.

One of the most pertinent examples of this rule is *Webb v. State,* 177 Ga. 414 (170 SE 252). There the Court of Appeals certified to this court the following question: "An indictment charged in five separate counts four separate robberies and one separate attempt to rob, it being alleged in the indictment that the five crimes were committed at different times and places and upon different persons, and there being no allegation that the separate offenses charged had some continuity of purpose or intent, so as to make them a part of a general plan or scheme. Was the indictment subject to the following written and timely presented demurrer . . . ?"

The demurrer was as follows: " 'The indictment seeks to join in one indictment, in five separate counts, five separate and distinct criminal charges and transactions involving distinct and separate offenses alleged to have been committed at separate and distinct times and against separate and distinct persons or individuals, which is not permitted in the same indictment, as all of said charges are felonies, and it is not permissible in any case to try a defendant on the same indictment for more than one distinct felony.' "

This court answered the question in the negative. It referred to many of the other cases on this subject. It held that "under the facts stated in the question, all of the offenses charged in the indictment were of the same species." It also held that it was *not* necessary to allege "that the separate offenses had a continuity of purpose or intent so as to make them a part of a general plan or scheme."

The decision of *Gilbert v. State,* 175 Ga. 276 (165 SE 120) is patently distinguishable. There the crimes charged were rape, robbery and assault with intent to murder, not of a similar nature and of the same class or species, as is required. In *McMichen v. State,* 59 Ga. App. 896 (2 SE2d 507) the Court of Appeals cited the *Gilbert* case and apparently concluded that the crimes were also essentially different.

Many other cases by this court and the Court of Appeals have applied the foregoing rule with the same result that we reach here. This has been the law in Georgia for a long time. The following citations make that clear. *Adams v. State,* 52 Ga. 565 (1); *Gilbert v. State,* 65 Ga. 449 (1); *Williams v. State,* 72 Ga. 180 (1); *Sims v. State,* 110 Ga. 290 (2) (34 SE 1020); *Gaulden v. State,* 41 Ga. App. 635 (1-a) (154 SE 209); *York v. State,* 42 Ga. App. 453 (3) (156 SE 733); *Ivester v. State,* 75 Ga. App. 600 (1-a) (44 SE2d 61); *Anderson v. State,* 113 Ga. App. 670 (1) (149 SE2d 398); *Bowen v. State,* 123 Ga. App. 670, 672 (182 SE2d 134). See also, for collection of cases on this subject, West, Ga. Digest, Indictment & Information, § 130.

That the foregoing cases are in accordance with the decisions in other jurisdictions is apparent from 41 AmJur2d 1015, Indictment & Information, § 221; 42 CJS 1141, Indictment & Information, § 183.

Therefore, since rape and aggravated assault are crimes of a similar nature, and of the same class or species, they may be joined in a single indictment; and thus the motion to quash was properly denied.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs specially, and Gunter and Jordan, JJ., who dissent from Division 12 and the judgment.*

INGRAM, Justice, concurring specially. I concur in the majority decision of the court, but wish to express my views in this separate opinion on the issues discussed in Division 12 of the court's opinion.

The motion to quash the indictment in this case asserts that the indictment is void because three separate crimes are alleged in three different counts of the same indictment. In my judgment, the mere inclusion in the indictment of three separate crimes of the same species, alleged in different counts, would not put the defendant's character in issue or violate any of his constitutional rights.

We are not holding in this case that it would be constitutionally permissible to try an accused for three separate and distinct offenses, which have no logical relationship to each other, when proper objection thereto is made by the accused. The record in this case disclosed no motion to require the state to try these offenses separately or any objection at the time of trial to proceeding with the trial on all three offenses. It is conceivable that in some instances an accused might purposefully wish to face one jury on all three offenses rather than three different juries. If the proper motion had been made in this case, objecting to the trial of these separate and distinct offenses in one proceeding, I would join the dissent. However, I do not think this court can convert a motion to quash an indictment into other motions to reach alleged legal improprieties of a subsequent trial. A motion to quash is directed procedurally to the indictment itself and does not cover events which may or may not thereafter occur if the motion is overruled. See *Jackson v. State,* 64 Ga. 344 (1); *Walker v. State,* 73 Ga. App. 20 (35 SE2d 391); *Lastinger v. State,* 84 Ga. App. 760 (1) (67 SE2d 411); *Burke v. State,* 116 Ga. App. 753 (2) (159 SE2d 176); and, *McDonald v. State,* 222 Ga. 596 (3a) (151 SE2d 121).

In conclusion, let me emphasize that I do believe it would be reversible error, over proper objection, to try an accused in one proceeding for three separate and distinct offenses having no logical relation to each other. In addition, I believe it is equally prejudicial for the jury to be made aware of the other alleged offenses during the trial on one of them. Thus, if a district attorney elects to seek an indictment which includes multiple counts, covering separate and distinct offenses, special care must be taken

at the trial on each count not to disclose to the jury the existence of the other counts in the indictment. Such care should extend not only to avoiding verbal references to the remaining counts but also to preventing the indictment from being seen by the jury during the trial and the jury's deliberations. Otherwise, in my opinion, harmful error would occur requiring a new trial in the event of conviction. However, we can rule on these matters only when they are urged in the trial court.

For these reasons, I concur in the holding in Division 12 of the court's opinion and in the judgment of the court.

GUNTER, Justice, dissenting. I do not agree with Division 12 of the majority opinion or with the judgment of affirmance in this case.

An indictment was returned against the appellant in three counts. Count One stated that the appellant committed the offense of assault with intent to rape on one victim on October 29, 1970. The Second Count stated that the appellant committed the offense of rape on another and different person on December 5, 1970. The third count of the indictment charged that the appellant committed the offense of assault with intent to rape against still another and different person on the first day of April, 1971.

The appellant made a motion to quash the indictment in that it charged him with three unrelated crimes committed on different dates against different persons. The motion stated that the indictment put the appellant's character in evidence without his consent in that the indictment alleged three separate and distinct offenses which have no logical relationship to each other and that the only possible reason for placing the three different charges in one indictment was to inflame the minds of the jurors who would try the case and prejudice the jurors with the fact that the appellant was charged with three different offenses. The motion further stated that the indictment as drawn violated the appellant's constitutional rights with respect to due process and equal protection under the laws.

The trial judge overruled the appellant's motion to quash, and the trial of the appellant on the three counts of the indictment followed.

The Georgia Constitution says that no person shall be deprived of his liberty except by due process of law. Code Ann. § 2-103.

A statute of this state says that "The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such

character and renders necessary or proper the investigation of such conduct." Code § 38-202.

I do not understand that the state can try an accused before the same jury for three different crimes committed on three separate dates against three separate persons unless the multiple crimes are committed in what is deemed a continuous transaction.

The indictment in this case shows on its face that there are three separate crimes charged, that there are three separate prosecutors, and that there are three separate fact situations involved.

When all three separate fact situations are presented in one case to the same jury it is clear to me that in the trial of the offense that occurred on April 1, 1971, evidence submitted to the jury with respect to the crime committed on December 5, 1970, and the crime committed on October 29, 1970, could only have an adverse effect upon the accused in the eyes, ears, and minds of the jurors hearing the case.

The general rule is that in a prosecution for a particular crime, evidence of another and distinct crime wholly independent from that for which one is on trial is inadmissible. There are well recognized exceptions to this rule, but most of these exceptions generally come within the "one continuous transaction" category.

In the recent case of *Larkins v. State,* 230 Ga. 418 (197 SE2d 367), we reversed a conviction for rape because of the improper admission of evidence relating to an alleged rape upon a witness by the accused which had allegedly occurred some seven months prior to the occurrence for which the accused was then on trial.

Where multiple crimes are charged to have been committed by an accused at different times, against different persons, not a part of one continuous transaction, and not provable by the same evidentiary facts, I conclude that a trial of such multiple crimes before a single jury is prejudicial to the accused; such a trial permits the state to pile up evidence of crime after crime before the jury; and such a trial does not comport with "due process of law" as I understand that phrase contained in the Georgia Constitution.

"In cases of felony, the multiplication of distinct charges has been considered so objectionable as tending to confound the accused in his defense, or to prejudice him as to his challenges, in the matter of being held out to be habitually criminal, in the distraction of the attention of the jury, or otherwise, that it is the settled rule in England and many of our states, to confine the indictment to one distinct offense or restrict the evidence to one

transaction." McElroy v. United States, 164 U. S. 76, 80 (17 SC 31, 41 LE 355).

The majority opinion is, in my judgment, wrong when it says in the context of this case that the offense of rape includes the lesser offense of assault with intent to rape. Code Ann. § 26-505 defines "included crime," and it is clear to me that an included crime must be established by the same proof and against the same person. The two alleged assaults in this case which occurred on different dates and against different persons, not the alleged rape victim, cannot be held to be lesser included crimes to the crime of rape in this case.

Also, Code Ann. § 26-506 defines the conditions for "multiple prosecutions for same conduct." This Code section says to me that if a person is tried for rape and a lesser included offense, he cannot be convicted of more than one of the alleged crimes. This section also says to me that an accused may be prosecuted in one trial for several crimes only if the several crimes can be established by the "same conduct." By no stretch of the legal imagination can three crimes occurring at three different places against three different persons, one having occurred on October 29, another having occurred on December 5, and another having occurred on April 1, be considered as having arisen out of the "same conduct."

In this case the motion to quash the indictment not only went to the illegality of the indictment, but the motion also went to the illegality of the trial of the accused for three separate offenses not arising out of the "same conduct" before the same jury.

The trial judge overruled the motion and proceeded to try the accused for all three alleged crimes before the same jury. This, in my opinion, was a violation of due process of law under both the Georgia Constitution and the Federal Constitution.

I would reverse the judgment.

I respectfully dissent. I am authorized to state that Justice Jordan joins me in this dissent.

### On Motion for Rehearing

Per curiam. The holding in Division 12 of this court's opinion is required because no motion to sever the trial of these three offenses was made in the case. If a severance had been sought and granted, the jury trying the charge in the first count need not have ever known of the existence of the other counts in the indictment. The charge in Count 1, and evidence pertaining only to that count, could have gone to the jury with appropriate instructions from the court as to that offense only. The same procedure could have been followed and a separate trial held on each of the other two counts.

The indictment, containing all three counts, did not have to go to the jury. The separate charges therein could have been submitted by the trial court to separate juries and separate verdicts made on each count. However, no motion to sever was made in the case, and no objection was made at the trial about the trial of all three charges in one proceeding or during the trial to evidence bearing on more than one charge.

The only motion made in the case, as disclosed from the record in this court, was the motion to quash the indictment. A motion to quash is the equivalent of a demurrer, and an indictment is not demurrable for any matter dehors the pleadings and the record. The motion to quash filed in this case asserted the indictment was void because it alleged all three offenses (in different counts) in the same indictment. The alleging of these three offenses in one indictment did not make the indictment void or prejudice the accused. The objection now made in this court by appellant to the subsequent trial of all three charges together in the trial court was not properly raised in the trial court. The majority of this court is unwilling to treat the motion to quash as a motion to sever because we are of the opinion that this court cannot rule on matters which are not urged and ruled on in the trial court.

*Motion denied. All the Justices concur, except Gunter and Jordan, JJ., who dissent.*