HOYT ET AL. *v.* MINNESOTA

No. 1544. Decided June 29, 1970

PER CURIAM.

The petition for a writ of certiorari is granted and the judgment is reversed, *Redrup* v. *New York*, 386 U. S. 767.

MR. JUSTICE BLACKMUN, with whom THE CHIEF JUSTICE and MR. JUSTICE HARLAN join, dissenting.

I am not persuaded that the First and Fourteenth Amendments necessarily prescribe a national and uniform measure—rather than one capable of some flexibility and resting on concepts of reasonableness—of what each of our several States constitutionally may do to regulate obscene products within its borders.

Here a Minnesota trial court (just as the Ohio trial court did in *Walker* v. *Ohio*, 398 U. S. 434 (1970)), endeavored to apply standards articulated by this Court in prior cases, and embodied in a precisely worded Minnesota statute, and reached the conclusion that the materials in question were obscene within the meaning of that statutory definition. Six of the seven Justices of the Supreme Court of that State, citing *Redrup* v. *New York*, 386 U. S. 767 (1967), and other decisions of this Court, have identified the offending material "for what it is," have described it as dealing "with filth for the sake of filth," and have held it obscene as a matter of law. 286 Minn. 92, 95, 174 N. W. 2d 700, 702. I cannot agree that the Minnesota trial court and those six justices are so obviously misguided in their holding that

they are to be summarily reversed on the authority of *Redrup.*

At this still, for me, unsettled stage in the development of state law of obscenity in the federal constitutional context I find myself generally in accord with the views expressed by MR. JUSTICE HARLAN in *Roth* v. *United States,* 354 U. S. 476, 496, 500–503 (1957); *Jacobellis* v. *Ohio,* 378 U. S. 184, 203–204 (1964); and *Memoirs* v. *Massachusetts,* 383 U. S. 413, 455, 458–460 (1966), and with those enunciated by THE CHIEF JUSTICE in *Cain* v. *Kentucky,* 397 U. S. 319 (1970), and in *Walker* v. *Ohio, supra.*