**UNITED STATES of America,
Plaintiff,**

v.

**John Sherrin LANGFORD, Defendant.**

**No. 4–70 Civ. 272.**

United States District Court,
D. Minnesota,
Fourth Division.

July 13, 1970.

Stephen G. Palmer, Asst. U. S. Atty.,
for plaintiff.

Rodney Olson, Minneapolis, Minn., for
defendant.

NEVILLE, District Judge.

Defendant was indicted June 13, 1969
under 18 U.S.C. § 1461 for having know-
ingly used the mails for the carriage and
delivery of nonmailable matter, i. e.,
obscene, lewd, lascivious, indecent, filthy
or vile photographs. He pled guilty to
Count I of the indictment on November
4, 1969, after a motion to suppress cer-
tain evidence had been denied by this
court, 303 F.Supp. 1387. On December
11, 1969 the court sentenced defendant
to the custody of the Attorney General
for imprisonment for a period of one
year. Defendant is now serving that
sentence and will be released sometime
in October 1970, assuming he receives
credit for good time under 18 U.S.C. §
4161.

Defendant's present motion is for a
reduction of sentence pursuant to 28
U.S.C. § 2255 "to time served" and is
submitted originally pro se by informal
letters to the court. The court exercised
its discretion to treat the letters as a
motion. The basis for the defendant's
motion is Stanley v. Georgia, 394 U.S.
557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969),
which held that mere private possession
of obscene material in one's home is pro-
tected under the First Amendment to
the United States Constitution and is not
a punishable offense under a State stat-
ute. As a corollary and in the nature of
a sequitur from this decision, the Honor-
able Thomas J. McBride of the United
States District Court, Eastern District of
California, in the case of United States
v. Lethe, 312 F.Supp. 421 (E.D.Cal.
April 29, 1970), rendered a decision hold-
ing that since *Stanley* condones the right
to possess obscene and pornographic ma-
terial, this must imply the right to buy
or to receive the same, for otherwise the
right to possess is of no value, and car-
rying the argument further, the right to
buy or to receive is meaningless unless
someone has the right to sell or to send;

therefore selling or sending is not an offense. Defendant is charged here as one who sent.

Since defendant pled guilty, the court of course has no evidence before it. It is clear, however, from the presentence investigation report [1] that defendant inserted an ad in a publication and that the person mentioned in all three counts of the indictment, i. e., a postal inspector using a fictitious name, responded and requested defendant's materials which he mailed on three different occasions. Judge McBride in the *Lethe* case dismissed the counts of that indictment which read on the counts of this defendant's indictment.

Accepting the major premise in Stanley v. Georgia as the law, the logic of the *Lethe* case and the result it reaches seem unassailable.[2] On this basis, defendant never should have been indicted in the first instance nor was he in fact guilty when he pled guilty. His motion therefore should be granted on this ground alone.

The court however truly is uncertain as to the present state of the law governing obscenity on a rather different and quite another score. There is little question in the court's mind but that the photographs sent by the defendant through the mail are and were what has been defined as "hard core pornography." They depict acts of heterosexual intercourse in different poses, and acts of sodomy and of homosexuality. Apart from that, for the purposes of this motion the court must assume by the plea of guilty voluntarily made that the mailed materials meet the three pronged requirement or test of Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), and A Book, Etc. v. Attorney General of the Commonwealth of Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966), and that these three coalesced, i. e., (a) the dominant theme of the photos appeals to prurient interest; (b) they affront contemporary community standards and (c) they are utterly without redeeming social value. What makes this court's judgment uncertain is that a differing set of standards or tests seems to have been prescribed and developed by the Supreme Court in Redrup v. State of New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967), and its progeny where convictions under state obscenity statutes were set aside. There the court emphasized (1) that the statute and thus the offensive material was not aimed at juveniles; (2) that there was no "assault upon an individual's privacy" so as to make it impossible for an unwilling individual to avoid exposure and (3) there was no "pandering" within the meaning of Ginzberg v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966). Applying this test, and based on what proof the government could or should have adduced under the indictment, defendant was not guilty. He did not mail nor send to a juvenile, he did not coerce an unwilling individual, nor did he "pander." The court recognizes that *Redrup* dealt with invalidating convictions under state obscenity statutes and not under federal statutes prohibiting using the mails or transportation in

---

1. The court recognizes that material in the presentence report from the Probation Office is not evidence. Nevertheless it seems clear therefrom that had defendant stood trial, the proof to be offered by the government to support the only mailings charged in the indictment would relate to three mailings to the same postal inspector, containing variously male homosexual action photographs, male nude photographs, and at least 12 heterosexual action photographs. All were mailed from Minneapolis, Minnesota to the Postal Inspector at La Moure, North Dakota under a fictitious name at a P.O. Box address. The court does not feel it is abusing its discretion in making the assumption that the government's case would have been and if tried would be a duplication of what is contained in the presentence report.

2. For a discussion supporting the logic set forth in *Lethe* see Requiem for Roth: Obscenity Doctrine is Changing, 68 Mich. L.Rev. 185 (1969) ; 83 Harv.L.Rev. p. 147 *et seq.* and other commentaries cited in footnote 12 of the *Lethe* opinion.

interstate commerce. Since *Redrup* however invalidates state convictions except where aimed at juveniles, at unwilling individuals or where "pandering" occurs, it would seem to the court that ultimately it will be held by the Supreme Court that convictions for the use of the mails or for interstate transportation similarly will be voided unless aimed at juveniles, unwilling individuals or are such as to constitute "pandering." The First Amendment, or the First Amendment considered with the Fourteenth and perhaps other Constitutional Amendments, control and govern federal as well as state actions. How then can different standards be applied? It is submitted that ultimately they will not. *Redrup* has been employed and followed many times by the United States Supreme Court.[3]

It therefore seems to the court that on either of two grounds defendant's sentence, despite his plea of guilty, is subject to collateral attack under 28 U.S.C. § 2255: (1) His conduct is not an offense within the logical extension and outgrowth of the doctrine of *Stanley* as articulated in *Lethe;* (2) His conduct is not an offense when the *Redrup* standards are applied to it.

The government[4] has submitted a memorandum, citing and quoting from several cases which, while not mentioning or relying on *Redrup* refuse the extrusion of *Stanley* to the logic of *Lethe.* Gable v. Jenkins, 309 F.Supp. 998 (N.D. Ga.1969); United States v. Fragus, 422 F.2d 1244 (5th Cir. 1970); United States v. Melvin, 419 F.2d 136 (4th Cir. 1969). It is quite true that these cases do not espouse the rationale of *Lethe* and do augur for a narrow interpretation of *Stanley*. In effect they hold that *Stanley* is limited to its facts and that mere possession alone in a home is not a crime, irrespective of the means or the method of acquisition. So even though someone violated the law in selling or distributing obscenity, the receiver having surreptitiously or otherwise acquired such materials and having been successful in getting them to his home, he becomes safe and immune from prosecution. The seller or distributor however remains liable, but the home possessor, on the basis of the mere fact of his possession cannot be prosecuted; that this is all that *Stanley* held. This court doubts that such a restrictive construction ultimately will be given the *Stanley* case.

This court might hope that *Stanley* will not be converted into the *Lethe* result and that the contention advanced by the government will become the law to the end that some reasonable restriction on the sale, distribution and use of smut, pornographic material and "trash" may remain.

This court personally dislikes the present state of the law relative to obscenity but recognizes that the United States Supreme Court has been eroding and overturning the obscenity laws at every turn. This court until recently took refuge in *Roth* that hard core pornography appealing solely to prurient interest and having no redeeming social or artistic

---

3. The most recent application of *Redrup* is contained in a per curiam three-line opinion by the United States Supreme Court. See Hoyt v. Minnesota, 399 U.S. 524, 90 S.Ct. 2241, 26 L.Ed.2d 782 (June 30, 1970), in which convictions of clerks in a bookstore charged with the sale of allegedly obscene books in violation of a Minnesota obscenity statute are reversed. See also State v. Hoyt, 286 Minn. 92, 174 N.W.2d 700 (1970), where in his well written dissent, Justice Otis lists in an appendix some 20 instances, more or less, where *Redrup* has similarly been applied to strike down convictions or other relief granted under state obscenity statutes.

4. At the hearing, the government argued retroactivity, pointing out that in many cases such as Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), a decision was held to be prospective and not retroactive. The court does not believe that the question of retroactivity is here involved. Stanley v. Georgia, *supra*, was decided April 7, 1969. The indictment in this case was not returned until June 13, 1969 with sentence imposed December 11, 1969.

value was not freedom of expression protected by the First Amendment. The court doubts now that it longer can do this. Clearly the Court of Appeals for the Eighth Circuit has taken a liberal view on obscenity. See Luros v. United States, 389 F.2d 200 (8th Cir. 1968):

"Many well-intentioned citizens become disgusted or offended with the freedom by which purveyors of trash place their publications in the mail. But within the juridical balance is the basic concern over governmental interference into free channels of expression. It is far better there be a tight rein on authoritarian suppression, notwithstanding a conflict with some individuals' tastes or customary limits of candor, than that we live in a stifled community of self-censorship where men must feel apprehension over expression of an unpopular idea or theme. Still within our human possession is the free will to make an independent choice of values and to teach our children to do the same. Paternalistic censorship by government must continue to limit that choice only in the most extreme of circumstances. Thus we view the general reluctance of the law to go further in this area." 389 F.2d at 206.

Coming to the present case, and a defendant in jail who undoubtedly is in large part ignorant of all of the above, the court cannot await some possible future decision of the Supreme Court hopefully shying away from the full import of *Stanley*, or distinguishing or rejecting it. A man's liberty is at stake. If defendant should be free as may be determined more authoritatively sometime *in futuro*, his term will have been served and the questions will then be moot. The court does not wish to carry this burden on its conscience. Irrespective of the court's personal beliefs or preferences, it is bound to follow the law as laid down by higher courts as it reads and understands such. The state of what the court believes to be uncertainty concerning the law of obscenity casts doubt—and there being a doubt in a criminal case, defendant's motion should be granted and he should be released.

28 U.S.C. § 2255 provides the type of relief that may be granted on a motion:

"The court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial, *or correct the sentence as may appear appropriate.*" [Emphasis added]

In his informal letter to this court the defendant wrote "Therefore I request time cut to time served." At the hearing defendant's counsel stated that he was in reality moving to withdraw the plea of guilty to be followed by a motion to vacate the sentence and dismiss the indictment. The court in view of the statutory phrase "correct the sentence as may appear appropriate" believes that this can be held to include reduction to time actually served and this order is made accordingly.

If at some future date the United States Supreme Court has made it clear that what defendant did is not and was not an offense, the court will entertain a further motion designed to attempt to remove the conviction from defendant's record. The court does not believe it should take such action at this time, however, in view of the present uncertainty in the law, but does feel as a matter of good conscience that defendant should be released.

An appropriate separate order has been entered.