James A. HAYSE, John L. Golden, Harold G. Childs and Fred R. Wunderlich, Plaintiffs,

v.

George VAN HOOMISSEN, individually and as District Attorney for Multnomah County, Oregon, James C. Holzman, individually and as Director of Public Safety for Multnomah County, Oregon, Norman D. Brown, Donald I. McNamara, individually and as Chief of Police of the City of Portland, Oregon, William J. Budrius, Terry Schrunk, individually, as Mayor of the City of Portland, Oregon, and as a member of the Council of the City of Portland, Oregon, Francis Ivancie, Stanley Earl, Mark Grayson and Lloyd Anderson, individually and as Commissioners of the City of Portland, Oregon and members of the Council thereof, and Marian C. Rushing, individually and as City Attorney of the City of Portland, Oregon, Defendants.

Civ. No. 69–743.

United States District Court, D. Oregon.

Nov. 19, 1970.

Kobin & Meyer, Portland, Or., Stanley Fleishman, Hollywood, Cal., for plaintiffs.

Al J. Laue, Asst. Atty. Gen., Salem Or., for Van Hoomissen, Brown, McNamara and Budrius.

George Van Hoomissen, Dist. Atty., Portland, Or., for Green and Holzman.

Richard A. Braman, Senior Deputy, City Atty., Portland, Or., for Ivancie, Earl, Grayson, Anderson, Rushing and Schrunk.

Before ELY, Circuit Judge, and BELLONI and GOODWIN, District Judges.

OPINION

ALFRED T. GOODWIN, District Judge:

Plaintiff magazine dealers challenge the constitutionality of Oregon's obscenity laws and seek injunctive and other relief under 42 U.S.C. § 1983.

A three-judge court convened under 28 U.S.C. § 2281 and 2284. Jurisdiction is vested under 28 U.S.C. §§ 1343(3), 2201, and 2202, and 42 U.S.C. §§ 1981–1983.

Plaintiffs' wares feature colored photographs of human reproductive organs and other pictorial and verbal matter dealing extensively with deviant forms of sexual behavior. The material has little, if any, redeeming social value. It appeals primarily to individuals who have an unusual interest in sexual activity. The material is probably "obscene" under the standards outlined in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 498 (1957); Childs v. Oregon, 431 F.2d 272 (9th Cir., 1970).

ORS 167.151 provides as follows:

"(1) No person shall knowingly disseminate obscene matter. A person disseminates obscene matter if he exhibits, sells, delivers, or provides, or offers or agrees to exhibit, sell, deliver or provide, or has in his possession with intent to exhibit, sell, deliver or provide any obscene writing, picture * * *."

The statute defines obscenity as that material which has as its predominant theme an appeal to the prurient interest of the reader or viewer and which is patently offensive and transgresses the cus-

tomary limits of candor. The Oregon Supreme Court upheld the statute in State v. Childs, 252 Or. 91, 447 P.2d 304 (1969), cert. den. 394 U.S. 931, 89 S.Ct. 1198, 22 L.Ed.2d 460 (1969).

The pretrial order's agreed statement of facts does not support the plaintiff's contentions of conspiracy and official harassment. These contentions and the prayer for money damages are without merit and will be disregarded. The constitutionality of the municipal ordinance will likewise be disregarded in this case, because the question has been disposed of in Oregon Bookmark Corp. v. Schrunk, D.C., 321 F.Supp. 639.

■ Plaintiffs in this action do not seek to enjoin a pending state prosecution. Therefore, the anti-injunction statute, 28 U.S.C. § 2283, does not apply. Plaintiffs do seek a permanent injunction against future enforcement of the state statute as well as a declaration of its unconstitutionality. Because this case involves important First Amendment rights, and because the highest court in Oregon has recently upheld the statute, abstention is inappropriate. Dombroski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

When ORS 167.151 was enacted in 1963, it was consistent with the most recent pronouncements of the Supreme Court in the obscenity field, and was intended to conform to the principles set forth in Roth v. United States (and Alberts v. California), 354 U.S. 476, 77 S. Ct. 1304 (1957). However, the Supreme Court has recently narrowed the permissible scope of state regulation of allegedly obscene material. Jacobellis v. Ohio, 378 U.S. 184, 84 S.Ct. 1676, 12 L. Ed.2d 793 (1964); A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966); Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967); Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969).

Under these most recent Supreme Court decisions, a new doctrine of First Amendment protection has evolved. It is no longer accurate to state categorically that the First Amendment does not protect obscenity. It is now necessary to inquire beyond the mere nature of the published matter, and to look into the government's interest in suppressing it. Stanley v. Georgia, 394 U.S. 557, 89 S. Ct. 1243 (1969); United States v. Dellapia, 433 F.2d 1252 (2d Cir., 1970); Karalexis v. Byrne, 306 F.Supp. 1363 (D. Mass.1969), prob. juris. noted, 397 U.S. 985, 90 S.Ct. 1123, 25 L.Ed.2d 394 (1970); Stein v. Batchelor, 300 F.Supp. 602 (N.D.Tex.), prob. juris. noted, 396 U.S. 954, 90 S.Ct. 428, 24 L.Ed.2d 419 (1969).

■ The nature of a legitimate state interest in proscribing obscenity has been described by the Supreme Court in dictum in Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967). The government may properly seek to prevent the exploitation of juveniles, and to prevent an "assault upon individual privacy" by "obtrusive" publication or "pandering." 386 U.S. at 769, 87 S.Ct. 1414. The fact that a given publication is "obscene," or that it offends either the elected or self-appointed guardians of the public morality, no longer justifies suppression by the government. Before objectionable matter can be constitutionally suppressed, it must be pandered, obtrusively advertised, or be placed in an environment in which it is likely to fall into the hands of children.

In Stanley v. Georgia, the court concluded that the state has no legitimate interest in controlling what an adult reads in the privacy of his own home. 394 U.S. at 565, 89 S.Ct. 1243. The court rejected the state's contention that exposure to obscenity in and of itself leads to antisocial behavior. 394 U.S. at 566–567, 89 S.Ct. 1243.

The *Stanley* decision adopts for obscenity the traditional balancing-of-interests approach familiar to the free-speech cases. It also emphasizes that, while certain aspects of the distribution

process may justify state intervention, the disgusting quality of the material itself is not a proper concern of government where only adults are concerned.

The state argues that the prohibition of possession of obscene materials is necessary to any statutory scheme designed to limit offensive distribution. But any merit this argument had under the line of cases proceeding from *Roth* has evaporated after Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L. Ed.2d 515 (1967). The United States Supreme Court has reversed a dozen state-court convictions Per Curiam on the basis of the prosecutor's failure to show pandering, obtrusive advertising, or the exploitation of a juvenile market. In each case, the material would have qualified as obscene under the *Roth* decision. Mazes v. Ohio, 388 U.S. 453, 87 S.Ct. 2105, 18 L.Ed.2d 1315 (1967); Schackman v. California, 388 U.S. 454, 87 S.Ct. 2107, 18 L.Ed.2d 1316 (1967); Conner v. City of Hammond, 389 U.S. 48, 88 S. Ct. 234, 19 L.Ed.2d 47 (1967); Chance v. California, 389 U.S. 89, 88 S.Ct. 253, 19 L.Ed.2d 256 (1967); I. M. Amusement Corp. v. Ohio, 389 U.S. 573, 88 S. Ct. 690, 19 L.Ed.2d 776 (1968); Robert-Arthur Management Corp. v. Tennessee, 389 U.S. 578, 88 S.Ct. 691, 19 L. Ed.2d 777 (1968); Felton v. City of Pensacola, 390 U.S. 340, 88 S.Ct. 1098, 19 L.Ed.2d 1220 (1968); Henry v. Louisiana, 392 U.S. 655, 88 S.Ct. 2274, 20 L.Ed.2d 1343 (1968); Cain v. Kentucky, 397 U.S. 319, 90 S.Ct. 1110, 25 L. Ed.2d 335 (1970); Carlos v. New York, 396 U.S. 119, 90 S.Ct. 395, 24 L.Ed.2d 303 (1969); Bloss v. Dykema, 398 U.S. 278, 90 S.Ct. 1727, 26 L.Ed.2d 230 (1970); Walker v. Ohio, 398 U.S. 434, 90 S.Ct. 1884, 26 L.Ed.2d 385 (1970); Hoyt v. Minnesota, 399 U.S. 524, 90 S. Ct. 2241, 26 L.Ed.2d 782 (1970).

■ The circumstances in which obscenity is distributed and circulated now determine whether it is protected or unprotected by the First Amendment. Since ORS 167.151 proscribes the dissemination of obscene material under all circumstances regardless of how or to whom the material is distributed, it is overbroad and therefore offends the constitutional guarantees of free speech and free press.

■ We are also forced to hold that ORS 167.151 is overbroad in that it makes it possible for industrious censors to prosecute for activity which is in no respect criminal. The statute declares that a person "disseminates" obscene material if he "exhibits, sells, delivers or provides" to another, or offers to do so, or possesses such material with intent to do so.

Under the broad language just quoted, the citizen who fills his briefcase with obscene samples and carries them to a Citizens for Decent Literature meeting to reinforce that organization's anxieties will risk criminal prosecution along with those who pander the material commercially in public.

■ The statute also makes it a crime for a collector to display his pornography to his wife in the privacy of their home. This conduct may be abhorrent to many citizens, but the private enjoyment of literary trash is protected by the First Amendment. United States v. Dellapia, 433 F.2d 1252 (2d Cir., 1970); Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). Since ORS 167.151 is overbroad, it is constitutionally defective. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116 (1965); Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967).

It is therefore declared and adjudged that ORS 167.151 is unconstitutional on its face. A permanent injunction against enforcement of the statute in the future shall issue.