19140

The STATE, Respondent, v. Herbert Edward BURGIN, Appellant

(186 S. E. (2d) 523)

Messrs. Herman E. Cox of Greenville, and Robert Eugene Smith of Towson, Md., for appellant.

B. O. Thomason, Jr., Solicitor, Greenville, for respondent.

## ORDER

February 17, 1972.

*Per Curiam:*

Pursuant to the mandate of the Supreme Court of the United States, 404 U. S. 806, 92 S. Ct. 46, 30 L. Ed. (2d) 39, reversing 255 S. C. 237, 178 S. E. (2d) 325, the judgment of the circuit court is reversed.

(255 S. C. 237)

December 16, 1970.

LITTLEJOHN, Justice.

The defendant appeals from a conviction of violating Section 16-414.2 (1962 Code), prohibiting distribution of obscene material, relevant portions of which are as follows:

"Section 16-414.2:

"It shall be unlawful for any person knowingly to send or cause to be sent, or to bring or cause to be brought into South Carolina for sale or distribution, or to prepare, publish, print, exhibit, distribute, or offer to distribute in the State, or to have in his possession with intent to distribute, or to exhibit or to offer to distribute, any obscene matter.

"Section 16-414.1:

"(a) *'Obscene'* means that to the average person, applying contemporary standards, the predominant appeal of the matter, taken as a whole, is to prurient interest among which is a shameful or morbid interest in nudity, sex or excretion, and which goes substantially beyond customary limits of candor in description or representation of such matters. * * *"

The facts leading to defendant's conviction are not in dispute, and may be summarized as follows:

Four separate magazines were purchased from the defendant at his place of business on two different occasions; as a result of these sales he was arrested. The Greenville County Grand Jury indicted him in two separate indictments. The cases were consolidated for trial.

When the case was called for trial the defendant waived his right to trial by jury, and moved the court for a trial by the judge alone; this motion was denied.

The defendant then moved the court to hold that the four magazines were not obscene as a matter of law. The lower court viewed the magazines and denied the motion. The judge concluded, "as a matter of law beyond a reasonable doubt that the exhibits, that the magazines, the four magazines handed to the Court, and each of them, are clearly, unequivocally, and uncontrovertibly obscene and pornographic beyond a reasonable doubt. And find as a fact, beyond a reasonable doubt, that such material is of such pornographic nature as to render it obscene and such that the amendments of the Constitution do not protect it."

This court has viewed the magazines and finds that the lower court accurately described them as follows:

"I find the Book 'Mirage' is a book containing color photographs of completely nude and/or semi-nude females. The semi-nudes only being that of females wearing garter belts, hose or other transparent materials. That the nudes are posed in such positions with legs wide spread that the pubic hair and external part of the genital organs are clearly visible. They are posed in positions sitting, lying, forward, backwards, leaning backwards, standing on their heads, all positions so that the camera would be focused directly upon the genital organs and breasts of the nudes.

"In the magazine 'Togetherness' I find there are colored photographs of male and female nudes, or semi-nudes. The semi-nudes having only garter belts, hose, and in some instances the males having on trousers with the front portion of the trousers cut out or removed therefrom. Also, in poses directed so that the camera could focus on the genital organs of the males and females in positions with the males and females emphasizing the pubic and rectal regions of the males and females.

"The magazine 'Fair Lady' also portrays similar color photographs of nude females in similar positions.

"In the magazine 'Flesh Fantasy' is black and white, and color photographs of females with legs outstretched, completely nude, with females with clothes on undressing each piece of clothing in successive pictures, with the camera focused or ultimately focused completely upon the genital organs of the females."

At the trial the State presented six witnesses. Thereupon the defendant moved for a directed verdict, which was denied. The defense then announced that the accused would offer no evidence and renewed the motion for a directed verdict, which again was denied. The issues were submitted to the jury, which found the defendant guilty on both indictments. The defendant moved for judgment *n. o. v.* or alternately, for a new trial; these motions were denied.

The defendant was sentenced in keeping with the statute. He has appealed. We affirm.

The defendant presents several questions for the determination of this court. The merits of the case are reached without a full discussion of each exception raised.

There are six basic issues which we must determine:

(1) Whether these magazines are obscene in the constitutional sense.

(2) Whether defendant's arrest was valid without a prior judicially supervised adversary hearing.

(3) Whether Sections 16-414.1 *et seq.* (1962 Code) are void for vagueness and impermissible overbreadth in violation of the United States Constitution.

(4) Whether the defendant may waive jury trial and demand trial by the judge.

(5) Whether the indictments were facially invalid for charging multiple offenses in the disjunctive.

(6) Whether the lower court erred in failing to charge the defendant's requested jury instructions.

## I

In determining whether these magazines are obscene in the constitutional sense, the test to be applied is that of *Roth v. United States,* 354 U. S. 476, 77 S. Ct. 1304, 1 L. Ed. (2d) 1498 (1957) as subsequently modified and explained *Stanley v. Georgia,* 394 U. S. 557, 89 S. Ct. 1243, 22 L. Ed. (2d) 542 (1969).

As first enunciated the test was:

"Whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interests." 354 U. S. at 489, 77 S. Ct. at 1311.

The Roth test was modified in *Jacobellis v. State of Ohio,* 378 U. S. 184, 84 S. Ct. 1676, 12 L. Ed. (2d) 793 (1964) when Justice Brennan gave first mention to the requirement that the material, to be proscribed, must be utterly without redeeming social value. The *Jacobellis* case also explained that the community standard, as mentioned in *Roth,* was a nationwide community.

For the purposes of this appeal only one other case need be mentioned in the development of the Roth standard: A Book Named *"John Cleland's Memoirs of a Woman of Pleasure v. Attorney General of Commonwealth of Massachusetts,* 383 U. S. 413, 86 S. Ct. 975, 16 L. Ed. (2d) 1 (1966). Briefly, that case held that the Roth elements must "coalesce" to warrant a finding of obscenity.

The defendant relies heavily on *Redrup v. New York,* 386 U. S. 767, 87 S. Ct. 1414, 18 L. Ed. (2d) 515 (1967) for the contention that no material can be found obscene except under one of the three following circumstances: sales to juveniles; pandering; or obtrusive publication constituting an invasion of the general right of privacy.

*Redrup* does not limit prosecutions to those three areas; it mentions those criteria to avoid confusion in a case decided on grounds other than those for which review had been

.

granted. The court was merely stating that activities which encroach on the privacy or sensibilities of citizens and which affect minors, can, in proper circumstances be regulated. The court's ruling two years later in *Stanley* substantiates the State's contention that no limitation was intended in *Redrup*.

"We hold that the First and Fourteenth Amendments prohibit making mere private possession of obscene material a crime. *Roth and the cases following that decision are not impaired by today's holding.* As we have said, the States retain broad power to regulate obscenity; that power simply does not extend to mere possession by the individual in the privacy of his own home." *Stanley v. Georgia, supra.* (Emphasis added.)

The case before this court does not involve the mere possession protected by *Stanley;* rather it involves commercial public distribution of material which clearly falls within the class proscribed by *Roth* and its progeny. The court has put no shield around distributors of obscene materials. To insure a proper determination of the obscenity *vel non* issue Judge Ness made a study of the material and found it to be obscene; he then let the jury make an independent determination. This procedure assured that the defendant had the benefit of two separate determinations of obscenity.

We have studied the material to make a *de novo* determination of obscenity *vel non*. We find that each of the four magazines is comprised almost totally of photographs which display nude young women in poses that center the attention of the viewer upon the vulva and surrounding area. They obstrusively expose the female genitalia in an obvious design to appeal to a prurient interest in sex. They serve no additional purpose except to produce revenue for the sellers. These magazines are a degrading, disgusting exploitation containing no pretense of artistic value. They cannot be permitted in a society which hopes to retain any semblance of constitutional and moral stability. The dissemination of this smut, which is utterly without redeeming social value, cannot be placed beyond the reach of the law. The argument

that adults should be free to see and read what they want must be weighed in the light of reality. Each time the first amendment is stretched to include license to sell materials of the type involved in this action, a new flood of publications come into being. The benefits to society from freedom of speech and of press can best be protected by curbing license. Applying contemporary community standards we find beyond a reasonable doubt the dominant theme of the magazines taken as a whole appeals to the prurient interests and are patently offensive and obscene in the constitutional sense. They are utterly without redeeming social value.

## II

The second major issue presented by this appeal concerns the validity of defendant's arrest without a prior judicially superintended adversary hearing. We reiterate that the defendant's conviction was based only on the four magazines purchased. The seized magazines were not introduced into evidence and played no part in the trial.

While it is true that several lower Federal courts have required such adversary proceedings, neither the United States Supreme Court nor any appellate Federal courts has ruled on the point. A prior adversary hearing, or a judicial hearing prior to arrest and seizure of obscene material is not provided for by statutory law or by rule of court. To hold that the Constitution, State or Federal, requires such a proceeding has no foundation in law. This court is unwilling to legislate in the field of criminal law procedure. Appellant's contention is without merit.

## III

The next major issue for determination is the constitutionality of Section 16-414.1 *et seq.* (1962 Code). The defendant's numerous attacks on the statute amount to a challenge that the statute is void for vagueness and impermissible overbreadth. The statute, updated in 1965, and quoted hereinabove, was obviously intended to and did substantially restate the test for obscenity first enunciated in

*Roth* and is considerably more detailed than the statute upheld in that case.

The several modifications made in the *Roth* test were included in Judge Ness' charge to the jury. We find that the South Carolina statute meets the standard set forth in *Roth* for a valid obscenity statute.

"Many decisions have recognized that these terms of obscenity statutes are not precise. This Court, however, has consistently held that lack of precision is not itself offensive to the requirements of due process. '* * * [T]he Constitution does not require impossible satndards'; all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices * * *'." 354 U. S. at 491, 77 S. Ct. at 1312 (1957).

When analyzed in light of the United States Supreme Court's pronouncement in *Roth,* each of the defendant's challenges as to wording is clearly without merit.

### IV

The fourth issue presented for determination is whether jury trial may be waived and trial by judge demanded as a matter of right. There is no right to waive trial by jury guaranteed by the United States Constitution. *United States v. Jackson,* 390 U. S. 570, 88 S. Ct. 1209, 20 L. Ed. (2d) 138 (1968); *Singer v. United States,* 380 U. S. 24, 85 S. Ct. 783, 13 L. Ed. (2d) 630 (1965). In the *Singer* case we find the following dispositive wording:

"A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury— the very thing that the Constitution guarantees him." 380 U. S. 24, 36, 85 S. Ct. 783, 790, 13 L. Ed. (2d) 630 (1965).

In the case at bar therefore, the defendant was given an impartial trial by jury as guaranteed by the Constitution and was not in any way prejudiced by refusal of the trial judge to try the case without a jury.

## V

The fifth issue for determination is whether the indictments brought against the defendant were facially invalid for charging multiple offenses in the disjunctive within a single count.

We note from the record that the defendant failed to make timely objection to the use of the disjunctive. South Carolina Code Section 17-409 (1962) requires such objection be made in the motion to quash the indictment; therefore the issue is not properly before this court.

## VI

The last issue for determination is whether the court erred in failing to charge defendant's requested jury instructions number seven and eight. In requested charge number seven defendant urges that since the United States Supreme Court in *Stanley v. Georgia, supra,* guaranteed the right of private possession, there must be a correlative right to acquire such material. The *Stanley* case held only that possession in the privacy of one's home may not be prosecuted by the State. The United States Supreme Court has not opened the door beyond that limited holding, and this court will not do so.

As to requested charge number eight, the appellant contends that a verdict of guilty should be returned only if the jury found one of the following:

1. That the defendant had pandered the material;

2. That the defendant had foisted the material upon one wishing to avoid it, or

3. That defendant had disseminated the material to minors.

He cites *Redrup, supra,* as authority. We have explained that *Stanley* expressly reaffirmed the *Roth* case; therefore all obscene material except that possessed within one's home, is subject to regulation by the State. The trial judge did charge the jury on the elements set forth in *Roth* and modified by later decisions. He also explained that the defendant must have sold the material "knowingly" to satisfy the scienter requirement of *Smith v. California,* 361 U. S. 147, 80 S. Ct. 215, 4 L. Ed. (2d) 205 (1959).

For the foregoing reasons, the judgment of the lower court is

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.