## STATE v. S. PETER GETMAN AND ANOTHER.

202 N. W. 2d 637.

November 10, 1972—Nos. 42859, 42860.

*Stacker, Silverstein, Burke & Radsom* and *Thomas J. Burke,* for appellants.

*Warren Spannaus,* Attorney General, *Paul J. Tschida,* Special Assistant Attorney General, *Thomas E. Plante,* City Attorney, and *Victor D. Ulmer,* Assistant City Attorney, for respondent.

OTIS, JUSTICE.

These appeals stem from convictions under Minn. St. 617.241, for possession with intent to sell obscene material in a bookstore

in Duluth, Minnesota, owned by defendant Robert O. Carlson and operated by defendant S. Peter Getman. Defendants were found guilty on 89 counts and each was fined $100 on each count. For the reasons stated in City of Rochester v. Carlson, 294 Minn. 417, 202 N. W. 2d 632 (1972), we reverse.

The case was submitted to the court without a jury. In convicting defendants, the court relied on State v. Hoyt, 286 Minn. 92, 174 N. W. 2d 700 (1970), which was subsequently reversed by the United States Supreme Court in Hoyt v. Minnesota, 399 U. S. 524, 90 S. Ct. 2241, 26 L. ed. 2d 782 (1970), on the authority of Redrup v. New York, 386 U. S. 767, 87 S. Ct. 1414, 18 L. ed. 2d 515 (1967). The trial court had this to say concerning the effect of the Redrup decision:

"* * * This Court has examined the Redrup opinion carefully and if it makes any sense at all, it must be accepted as continuing the status quo of the several pronouncements and obscenity views of the several Justices of the Supreme Court, expressed by them in previous cases. Certainly it does not expressly or impliedly overrule the obscenity test as set out in * * * Roth [v. United States, 354 U. S. 476, 77 S. Ct. 1304, 1 L. ed. 2d 1498 (1957)], as modified by the Fanny Hill case [A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General, 383 U. S. 413, 86 S. Ct. 975, 16 L. ed. 2d 1 (1966)]. It is clear from reading the majority opinion and the dissenting opinions that the Court could not even agree as to what issues they were deciding in this particular case. Hence it is the considered judgment of this Municipal Court, that the Redrup case does not change any of the previous pronouncements of the Supreme Court in prior cases and does not change the status of the Minnesota Statute on obscenity."

On appeal, the thrust of the state's argument seems to be that Redrup is no longer viable because of United States v. Reidel, 402 U. S. 351, 91 S. Ct. 1410, 28 L. ed. 2d 813 (1971); and United

States v. Thirty-seven (37) Photographs, 402 U. S. 363, 91 S. Ct. 1400, 28 L. ed. 2d 822 (1971). In support of this contention, the state in its brief asserts:

"Neither *Reidel* nor *Thirty-seven (37) Photographs,* above, were prosecuted under statutes reflecting a specific and limited concern for juveniles, nor in either of said cases was there any reference to evidence of an assault upon individual privacy by publication of the obscene material in a manner so obtrusive as to have made it impossible for an unwilling individual to have avoided exposure to same, nor was there any reference in either case to evidence of pandering. It is thus obvious that *Redrup,* above, does not mean what appellants say it means."

Reidel decided only the constitutionality of 18 USCA, § 1461, which prohibited the use of mails for delivering obscene matter. The majority held that Stanley v. Georgia, 394 U. S. 557, 89 S. Ct. 1243, 22 L. ed. 2d 542 (1969), had not overruled Roth v. United States, 354 U. S. 476, 77 S. Ct. 1304, 1 L. ed. 2d 1498 (1957). Defendant Reidel claimed he had a First Amendment right to use the mails to further his obscenity business. The court held otherwise. In effect, the court declined to apply the Redrup rules to trafficking in obscenity by mail.

United States v. Thirty-seven (37) Photographs, *supra,* adopted a similar philosophy with respect to importing material alleged to be obscene. Again, the court held that the Stanley decision does not "extend to one seeking to import obscene materials from abroad, whether for private use or public distribution." 402 U. S. 376, 91 S. Ct. 1408, 28 L. ed. 2d 834.

The state can draw small comfort from Reidel and Thirty-seven (37) Photographs. Those cases were decided May 3, 1971. On October 12, 1971, Burgin v. South Carolina, 404 U. S. 806, 92 S. Ct. 46, 30 L. ed. 2d 39 (1971), citing only Redrup, summarily reversed a South Carolina conviction for obscenity; on December 14, in Wiener v. California, 404 U. S. 988, 92 S. Ct. 534, 30 L. ed. 2d 539 (1971), the United States Supreme Court

reversed a California conviction, also citing Redrup; and on the same date the court summarily reversed a Missouri conviction for obscenity in Hartstein v. Missouri, 404 U. S. 988, 92 S. Ct. 531, 30 L. ed. 2d 539 (1971), again relying on Redrup.

In State v. Burgin, 255 S. C. 237, 250, 178 S. E. 2d 325, 329 (1970), the trial court refused to charge the jury that a verdict of guilty could only be returned if "1. * * * the defendant had pandered the material; 2. * * * the defendant had foisted the material upon one wishing to avoid it, or 3. * * * defendant had disseminated the material to minors." The South Carolina court held that Redrup did not require such a charge and made the following finding (255 S. C. 247, 178 S. E. 2d 328):

"* * * We find that each of the four magazines is comprised almost totally of photographs which display nude young women in poses that center the attention of the viewer upon the vulva and surrounding area. They obtrusively expose the female genitalia in an obvious design to appeal to a prurient interest in sex."

The United States Supreme Court reversed.

In State v. Hartstein, 469 S. W. 2d 329, 334 (Mo. 1971), the Supreme Court of Missouri characterized a motion picture on which defendant's conviction was based in this manner:

"* * * 'Night of Lust' is approximately 65 minutes in length, and approximately 40 of those minutes consist of scenes of nude girls in various poses, actions and sequences, which bear no relation to a plot, and apparently are presented for the sole purpose of depicting nude girls in activity suggestive of sexual intercourse or of homosexual activity.

* * * * *

"* * * By reason of the closeup scenes, and by use of nude body gyrations and undulations the motion picture suggests promiscuous sexual intercourse and homosexual activity which is totally unrelated to any plot."

Again, the Supreme Court of Missouri recognized and discussed

the Redrup decision at great length but refused to be governed by it. The United States Supreme Court reversed.

The magazines and pictures which are the subject of this prosecution are similar to those discussed in the companion case, City of Rochester v. Carlson, 294 Minn. 417, 202 N. W. 2d 632 (1972). They are vulgar, tasteless, and unpleasant. They are not hard-core pornography as that word is defined by the United States Supreme Court. The issue of pandering was not raised at the trial court, and no mention of it is made either in the court's findings or memorandum. That issue is not argued in this court. Nor is there any claim that a statute designed to protect juveniles was violated or that there was "an assault upon individual privacy by publication in a manner so obtrusive as to make is impossible for an unwilling individual to avoid exposure to it." Redrup v. New York, 386 U. S. 767, 769, 87 S. Ct. 1414, 1415, 18 L. ed. 2d 515, 517 (1967).

For the reasons stated here and set forth in City of Rochester v. Carlson, *supra*, the convictions are reversed.

Reversed.

KNUTSON, CHIEF JUSTICE (dissenting).

I dissent. No one seems to know what the guidelines are under Redrup v. New York, 386 U. S. 767, 87 S. Ct. 1414, 18 L. ed. 2d 515 (1967). Until there is some clarification, I prefer to uphold the trial court except insofar as a penalty has been imposed for each of the alleged violations.

KELLY, JUSTICE (dissenting).

I dissent. In United States v. Thirty-seven (37) Photographs, 402 U. S. 363, 376, 91 S. Ct. 1400, 1408, 28 L. ed. 2d 822, 834 (1971), the court stated:

"* * * [A]s we held in Roth v. United States [354 U. S. 476, 77 S. Ct. 1304, 1 L. ed. 2d 1498] and reiterated today in Reidel [402 U. S. 351, 91 S. Ct. 1410, 28 L. ed. 2d 813 (1971)], obscenity is not within the scope of First Amendment protection."

The question, then, is are the materials here involved obscene? State's exhibit 76 consists primarily of photos of nudes and near nudes of women in various positions picturing lesbian sexual activity. Until the Supreme Court of the United States finally clarifies what is obscene, I have to assume much of the material involved here is obscene. It is substantially the same as the material described in State v. Amato, 49 Wis. 2d 638, 183 N. W. 2d 29 (1971). In Amato, the Wisconsin Supreme Court found the material to be obscene and certiorari was denied by the United States Supreme Court in Amato v. Wisconsin, 404 U. S. 1063, 92 S. Ct. 735, 30 L. ed. 2d 751 (1972).