## 47951. JOHNSON v. THE STATE.

HALL, Presiding Judge. Defendant appeals from his conviction on two counts of aggravated assault. The indictment charged three counts of the same offense but he was acquitted on the third of them. Count 1 was alleged to have occurred on a different date than Counts 2 and 3. In each count the victim was different but the assault was similar — a shooting.

1. Defendant contends that the lack of connection between Count 1 and Counts 2 and 3 renders the indictment, and all that followed, void. This is not the law. "Separate and distinct offenses of a similar nature, and of the same class or species, may properly

be joined in different counts of the same indictment." *Pippin v. State,* 205 Ga. 316 (53 SE2d 482); *Edwards v. State,* 226 Ga. 811 (177 SE2d 668); *Bowen v. State,* 123 Ga. App. 670 (182 SE2d 134).

2. Defendant contends that he did not actually waive his right to a 12 man jury but was coerced into agreeing to excuse one juror on compassionate grounds (when the trial was about two-thirds over) and to proceed with the case; because to protest would have severely prejudiced him with the jury. The reasoning is faulty. Aside from the fact that his counsel also agreed for presumably favorable tactical reasons, the effect of defendant's protest would not necessarily have been that which he contends. It was still within the court's discretion to excuse the juror in question and, in effect, a new trial would necessarily have to be held. In any event, this apprehension of defendant's could have been voiced during the conference outside the jury's presence which preceded the formal excusing and the trial court could have considered it. All this record shows is defendant's agreement. Under the circumstances, he waived his right. *Timmons v. State,* 223 Ga. 450 (156 SE2d 68).

3. Defendant's contention that the charge concerning the credibility of his testimony was error is without merit. It was nearly identical to the one approved by this court in *Hudson v. State,* 108 Ga. App. 192, 199 (132 SE2d 508, 100 ALR2d 1395).

4. He also enumerates as error a portion of the charge on the form of the verdict, contending it would cause the jury to believe they must have a reasonable doubt on all counts in order to acquit on any. First of all, that portion was lifted out of context. The charge as a whole would create no such impression on the jury. The dramatic proof of this is the very fact that defendant *was* acquitted on one charge. See *Wilson v. State,* 69 Ga. 224; *Cooper v. State,* 212 Ga. 367 (92 SE2d 864).

*Judgment affirmed. Evans and Clark, JJ., concur.*

SUBMITTED MARCH 6, 1973 —DECIDED APRIL 2, 1973.

*Guy B. Scott, Jr.,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.