21818

The STATE, Respondent, v. John Earl SHUCK, Appellant.
(298 S. E. (2d) 95)

*Asst. Appellate Defender, Elizabeth C. Fullwood,* of *S. C. Com'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Harold M. Coombs, Jr.*, Columbia, and *Sol. Robert J. Harte*, Aiken, *for respondent.*

Dec. 6, 1982.

NESS, Justice:

Appellant was convicted of housebreaking and petty larceny. He now contends he was denied his constitutional right to a twelve-member jury. We disagree and affirm.

Prior to the introduction of any evidence, a juror was disqualified and replaced by the only alternate. During a recess before closing arguments, another juror was injured and excused, leaving only eleven jurors. The trial judge then advised appellant that he had the right to have a twelve-member jury, that the court would declare a mistrial if appellant did not wish to proceed, but that appellant could waive his right to a twelve-member jury and proceed with the eleven remaining jurors. The trial judge also asked appellant's trial counsel to advise appellant of his rights and discuss the decision with him.

After consulting with counsel, appellant informed the court that he wished to waive his right to a twelve-member jury and proceed with the eleven remaining jurors. Appellant's counsel stated that even though he advised appellant not to waive his right to a full jury complement, he believed appellant's decision was informed, intelligent, and voluntary.

We have previously held that constitutional rights may generally be waived. *State v. Hann*, 196 S. C. 211, 12 S. E. (2d) 720 (1940). The trial judge here made a commendable effort to apprise appellant of his rights, and gave him every opportunity to have a mistrial declared. The State's obligation is to assure a complete jury complement in a criminal case, but not to insist on a mistrial against a defendant's expressed wishes. *Patton v. U. S.*, 281 U. S. 276, 50 S. Ct. 253, 74 L.Ed. 854 (1930); *Johnson v. State*, 128 Ga. App. 675, 197 S. E. (2d) 752 (1973); *State v. Pendley*, 92 N. M. 658, 593 P. (2d) 755 (1979).

We hold that a defendant in a non-capital criminal case may waive his right to a jury trial with the consent of the prosecuting attorney and the trial judge, and thus may also waive the right to a full jury complement. *Cf. State v. Burgin*,

255 S. C. 237, 178 S. E. (2d) 325 (1970). Since appellant's waiver was informed, intelligent, and voluntary, there was no error in proceeding with the eleven remaining jurors.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.