22344

The STATE, Appellant, v. John D. HANSON, Respondent.

(331 S. E. (2d) 782)

Supreme Court

*Asst. Chief Counsel Buford S. Mabry, Jr.*, Columbia, *for appellant.*

*John R. Rakowsky*, Cayce-West Columbia, and *Kenneth C. Hanson*, of Columbia, *for respondent.*

Submitted May 31, 1985.

Decided June 12, 1985.

*Per Curiam:*

Respondent was charged in magistrate's court with reckless driving. The magistrate denied the State's motion for a jury trial and the circuit court affirmed. We reverse.

A defendant's waiver of a jury trial is conditioned ■ upon the consent of the prosecutor and the trial judge. *State v. Shuck*, 278 S. C. 441, 298 S. E. (2d) 95 (1982). If either objects to the waiver, the defendant must be tried by a jury. *State v. Burgin*, 255 S. C. 237, 178 S. E. (2d) 325, *rev'd on other grounds*, 404 U. S. 806, 92 S. Ct. 46, 30 L. Ed. (2d) 39 (1971). *See also Singer v. United States*, 380 U. S. 24, 85 S. Ct. 783, 13 L. Ed. (2d) 630 (1965). This same rule applies in magistrate's court. *State v. Nash*, 51 S. C. 319, 28 S. E. 946 (1898).

When the State objected to the defendant's waiver of ■ a jury trial, the trial judge should have empaneled a jury. The judgment of the lower court is reversed and the case is remanded for trial by jury.

Reversed and remanded.